Rickey Irby was charged by a Jefferson County Grand Jury with robbery in the first degree. He was found guilty by a jury, adjudicated guilty by the trial court, and was sentenced as a habitual offender to life imprisonment. From that conviction and sentence, he appeals.
On September 24, 1980, appellant entered guilty pleas in the Jefferson County Circuit Court to two charges of theft of property in the second degree, which are unrelated to the present charge, and was sentenced by the trial court to the minimum sentence of a year and a day on each charge, with the sentences to run concurrently. Subsequent to the sentencing on these charges and after having been advised by the trial court of his status as a habitual offender should he commit any offense in the future, appellant requested that he be allowed to return home for two days to say goodby to his family and to attend to some business matters prior to going to the penitentiary. The trial court granted the request.
The incident, which forms the basis of the current charge for which appellant was subsequently *Page 1181 
tried and convicted, occurred about two hours after the trial court granted appellant's request for the two-day delay.
At about 2 p.m. on September 24, 1980, Crystal Lavonne Epps, who was operating Lee's Convenience Store in Birmingham for her brother-in-law, was robbed at gunpoint of $183. Witness Epps related that shortly before the robbery, when she had other customers in the store, a young man came in and "asked for a popsicle." He left without purchasing the popsicle, and returned a second time when there were no other customers in the store. She asked him if he had enough money for the popsicle he previously inquired about, and he replied: "No. Give me two tootsie rolls and a pack of cigarettes." As she was putting the money in the cash register from his purchase, she saw his hand "come over the drawer." She then looked up and saw that he was pointing a gun at her face and he demanded, "Give me all your money." He further stated, "You tell your brother-in-law about this. He'll know. He'll know," and then fled the scene.
Witness Epps testified that she had seen the robber in the store "a lot of times" prior to the date of the robbery, but did not know his name. She had heard other customers address him as "Moon." She subsequently recognized appellant's photograph from six photographs exhibited to her by police officers, and at trial she positively identified appellant as the robber.
Appellant, who did not testify, presented an alibi defense.
 I
Appellant contends that the trial judge committed reversible error in his refusal to recuse himself on the basis of personal bias and prejudice against the appellant. The contention is grounded on the basis that the trial judge, who presided over the current trial, had, only a short time before the occurrence of the robbery, shown leniency to the appellant in the sentences imposed on the two theft charges, had admonished appellant to correct the error of his ways, and had demonstrated compassion by allowing appellant to return home for two days before going to the penitentiary. This, appellant urges, would compel the trial judge to have personal bias or a grudge against the appellant.
The recusal motion was made orally on the day of the trial as follows:
 "THE COURT: . . . [to appellant's attorney] Make the rest of your motions.
"MS. CVETETIC: First I had a motion for recusal.
 "THE COURT: Put on the record why you think that should be.
 "MS. CVETETIC: I would like the record to reflect that Mr. Irby on Wednesday, September 24, 1980, around approximately 11:15, 11:30 came before this judge, Judge Cole, pleaded guilty to a charge of theft in the second degree. He was sentenced to a year and a day in the penitentiary to run concurrently with the previous conviction of theft in the second degree. I believe that record indicated that he asked the judge for two days off until Friday afternoon to go home and withdraw from college, say goodby to his family. The judge granted his wish, and he did turn himself back in on Friday. However, a robbery occurred at approximately 1:50 p.m. on Wednesday, September 24, 1980, for which this Defendant is now on trial. I believe there is reason to indicate that because of the circumstances the judge in this case may not be completely fair and impartial as he should be and therefore I would ask that he remove himself from the case and assign another judge to try it.
"THE COURT: I overrule.
"MS. CVETETIC: I except.
 "THE COURT: Next motion. I don't even recognize this man. I don't know him from Jack. I have long since forgotten him."
Also, in his motion for a new trial, appellant assigns as one of the grounds of fact that the trial judge did not "remove himself for possible prejudice" against appellant. *Page 1182 
The factual situation in the authorities relied on by appellant, both in brief and in oral argument, are dissimilar in a wide degree to the facts in this case. For example, in Exparte White, 53 Ala. App. 377, 300 So.2d 420 (1974), the actions of the trial judge were characterized as being "an alignment of the court with the prosecution against these defendants" and were such as to cause him "to step down from the bench and assume the State Attorney's place at the prosecutor's table." While we are in agreement with the concepts of judicial fairness outlined in White, supra, we find no similarities whatsoever in the factual situations in that case and the present case.
Appellant contends that the trial court's bias and prejudice against the appellant were manifested by (1) allowing into evidence a picture of appellant tending to show that he had a prior criminal record, (2) overruling an objection to a question which alluded to the fact that the picture was made eight months before the robbery, (3) refusing to grant a continuance when a defense witness failed to appear, and (4) sentencing appellant to the maximum term of life imprisonment rather than the minimum term of ninety-nine years. We have carefully reviewed the trial court's enumerated adverse rulings on the first three items and find that they are correct in every respect; even if they had not been correct, we find no hint or suspicion that they were, to any extent, motivated by any bias or prejudice against appellant. As to the term of the sentence, we are unable to find any authority — and appellant has furnished none — for the contention that appellant's term of parole would be shorter under a ninety-nine year sentence than it would under a life sentence. At any rate, the sentence imposed was within the permissible limits, and no abuse of discretion on the part of the trial judge is shown.
It is presumed that a judge is qualified and unbiased, and one alleging to the contrary has a substantial burden to show the grounds therefor. Williams v. State, 383 So.2d 547
(Ala.Cr.App.), affirmed, Ex parte Williams, 383 So.2d 564 (Ala. 1980), cert. denied, 449 U.S. 995, 101 S.Ct. 534,66 L.Ed.2d 293 (1980); Schillaci v. State, 347 So.2d 556 (Ala.Cr.App.),cert. denied, 347 So.2d 559 (Ala. 1977). A judge's participation in the trial of the accused for another crime does not, without more, furnish a basis for his recusal. Nelsonv. State, 405 So.2d 392, reversed, 405 So.2d 401, on remand,405 So.2d 401 (1981); Messelt v. State, 351 So.2d 640
(Ala.Cr.App.), cert. denied, 351 So.2d 642 (Ala. 1977).
Appellant's contention of prejudice and bias on the part of the trial judge against appellant is without merit. We hold that the trial judge acted within the bounds of judicial discretion and that appellant's recusal motion was properly denied.
 II
Appellant contends that the trial court erred to reversal in admitting into evidence his photograph. The photograph in question is one of those included in the group of pictures exhibited to Witness Epps by police officers. This is the photograph from which the witness made her first identification of appellant as the robber. The trial court took the precaution of having the numbers and the words "Birmingham Police Department" on the photograph covered over during a suppression hearing prior to its introduction.
The photograph, which was made about eight months before the robbery, showed appellant with a beard. Witness Epps had described the robber as being clean shaven. On cross examination, appellant attempted to impeach Witness Epps's identification of appellant as the robber by showing discrepancies between the description she furnished police officers and her identification of appellant as the robber.
A witness may corroborate the in-court identification of an accused by evidence of an earlier out-of-court identification to rebut an inference raised on cross examination that the identification was mistaken or contrived. Farley v. State,406 So.2d 1045 (Ala.Cr.App.), writ denied, 406 So.2d 1050 (Ala. 1981). The photograph was *Page 1183 
admissible to verify Witness Epps's prior out-of-court identification and to strengthen and corroborate her testimony and in-court identification.
Where the defense is alibi, as is the case here, identification is a material issue and a photograph of the appellant shown by police officers to the victim or witness, who identified him, is admissible in evidence. See Farley, supra.
The photograph was "doctored" so that no numbers or words prejudicial to the appellant appeared thereon, and was properly admitted into evidence.
 III
Appellant contends that reversible error was committed by the prosecutor's asking a question of a police officer which alluded to appellant's prior criminal record.
During redirect examination of a police officer, the State established that a warrant was signed for appellant on October 6, 1980. The prosecutor then asked a concluding question: "Do you know at the time the warrant was signed whether he was in custody or at large at that time?" Appellant objected, and the trial court sustained the objection and directed the witness not to answer the question. The State then rested its case.
Where appellant receives a favorable ruling to his objection by the trial court, nothing is preserved for review because an adverse ruling is a preliminary requirement to preservation of error and appellate review. Streeter v. State, 406 So.2d 1024
(Ala.Cr.App.), writ denied, 406 So.2d 1029 (Ala. 1981).
In view of the favorable ruling to appellant's objection, we have nothing before us on this issue for review.
 IV
Appellant argues that the trial court erred to reversal in refusing two written charges, designated as numbers 11 and 12, as follows:
 "11. The court charges the jury that before they can convict defendant the evidence must be so strong as to convince each juror of his guilt, beyond a reasonable doubt, and if after considering all the evidence a single juror has a reasonable doubt of defendant's guilt, arising out of any part of the evidence, they cannot convict him.
 "12. If you have a reasonable doubt of defendant's guilt growing out of the evidence or any part of it, you must acquit him."
These are valid propositions of law and are, when considered alone, proper charges concerning reasonable doubt. However, the refusal of these charges by the trial court does not constitute prejudicial error because the principle of law embraced in the charges was substantially and fairly covered in the trial court's oral charge to the jury. King v. State, 356 So.2d 1220
(Ala. 1978).
The trial court informed the jury that "if after . . . [a] full and fair consideration of all the evidence in this case there does not remain in your minds an abiding conviction that the Defendant is guilty as charged then you have not been convinced beyond a reasonable doubt and in that event the Defendant should be found not guilty;" that "after considering all the evidence, plus the evidence of an alibi, as I said, if you have a reasonable doubt then you should acquit the Defendant;" that "if any of you have a reasonable doubt as to the guilt of the Defendant you cannot convict;" and, further, that the jury must be "convinced beyond a reasonable doubt and to a moral certainty that the Defendant is guilty" in order to find a guilty verdict.
It appears that the jury was instructed that a reasonable doubt may arise from any of the evidence when considered with all of the evidence.
We find that the reasonable doubt standard was fairly and adequately covered in the trial court's oral charge, and that no prejudicial error results from the trial court's refusal to give the two requested written charges. *Page 1184 
 V
Lastly, appellant contends that his conviction is due to be reversed for lack of sufficient evidence against him. We find this contention to be without merit.
Witness Epps testified that she had seen appellant in the store several times before the robbery; she selected appellant's picture from several photographs shown to her by police officers after the robbery; and she made an in-court identification of appellant as the robber.
We have repeatedly held that it is the sole province of the jury to determine what credence should be given to testimony of any witnesses going to the identity of an accused. SeeStrickland v. State, 348 So.2d 1105 (Ala.Cr.App.), writ denied,348 So.2d 1113 (Ala. 1977), and authorities cited therein.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.