This Court granted this petition for certiorari to review petitioner's claim that when he entered a plea of guilty to a charge of murder his counsel told him he would be eligible for parole within 54 months, and that in fact he was not eligible for parole within that time, and that he would not have entered a plea of guilty had he known the facts, and that his counsel was ineffective in advising him about his rights.
Petitioner, Gerald Wayne Lawley, pleaded guilty to a charge of murder on April 9, 1984, and was sentenced by the Circuit Court of Shelby County to 25 years in the penitentiary. He subsequently filed a petition for writ of habeas corpus on September 30, 1985, and a petition for writ of error coram nobis on October 24, 1985, in which he claimed that his trial counsel was ineffective. The State filed an answer on December 6, 1985, and the trial court held a hearing on February 6, 1986, and rendered a judgment in favor of the State on both petitions.
Petitioner appealed to the Court of Criminal Appeals; that court affirmed and then denied petitioner's application for rehearing and his motion to add facts pursuant to Rule 39(k), Ala.R.App.P. 502 So.2d 402 (Ala.Cr.App. 1986).
After reviewing the record and the respective briefs of the parties, we affirm.
At the hearing, petitioner testified that his attorney informed him that he would be eligible for parole in just 54 months and that at that time a hearing would be conducted on the question of parole. He stated that he would not have pleaded guilty if he had known he would not be eligible for parole after 54 months.
Petitioner's father, who was present at the meeting between petitioner and his attorney, testified that he believed his son would be eligible for parole in 54 months, but that the attorney made no guarantees that petitioner would actually be paroled in 54 months. *Page 1372 
Other witnesses testified that petitioner told them that he would plead guilty, would serve around four years in prison, and then would be paroled.
Petitioner's trial counsel, however, testified that (at his client's request) he investigated the possibility of parole and found out that petitioner would become eligible for parole at some point from 54 to 100 months after his sentence began, but that nothing was guaranteed. He said that he then relayed this information to petitioner, but that at no time did he tell petitioner that he would be considered for parole in 54 months. He did testify that he advised petitioner to accept the State's offer of a 25-year sentence for the murder charge in exchange for the State's dropping a theft charge, because it was his opinion that based on the circumstances involved, petitioner would receive the maximum sentence possible if he went to trial and was found guilty of murder.
Based on these facts, the trial court could have found that petitioner was not denied his constitutional right to effective assistance of counsel.
Under the standards enunciated in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this Court in Ex parte Baldwin, 456 So.2d 129
(Ala. 1984), a two-pronged test must be met before a claim of ineffective assistance of counsel is proven. A convicted defendant, in order to secure a reversal of his conviction, must show: (1) that counsel's performance was deficient, which requires a showing that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) that the deficient performance prejudiced defendant, which requires a showing that a different outcome of the trial probably would have resulted but for counsel's allegedly ineffective performance. Strickland, supra, 466 U.S. at 687,104 S.Ct. at 2064.
To meet the first prong of the test, the petitioner must show that his counsel's representation fell below an objective standard of reasonableness. The performance inquiry must be whether counsel's assistance was reasonable, considering all the circumstances. Strickland, supra, 466 U.S. at 688,104 S.Ct. at 2065.
In adjudging the effectiveness of a counselor's assistance, a "court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."Strickland, supra, 466 U.S. at 690, 104 S.Ct. at 2066. Moreover, that petitioner was convicted does not prove that counsel lacked zeal or competence. Summers v. State,366 So.2d 336 (Ala.Cr.App.), writ denied, 366 So.2d 346 (Ala. 1978). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission was unreasonable." Strickland, supra, 466 U.S. at 689,104 S.Ct. at 2065.
Even assuming, arguendo, that defendant's counsel erred and that this error was professionally unreasonable, that would not in and of itself warrant setting aside the judgment of a criminal proceeding if the error did not affect the judgment.Strickland, supra, 466 U.S. at 691, 104 S.Ct. at 2066. The defendant must affirmatively prove prejudice; that is, he "must show that there is a reasonable probability, that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, supra, 466 U.S. at 694,104 S.Ct. at 2068. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' "Strickland, supra, 466 U.S. at 689, 104 S.Ct. at 2065. Strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable and those strategic decisions made after less than complete investigation are "reasonable precisely to the extent that reasonable professional judgments support the limitations *Page 1373 
on investigation." Strickland, supra, 466 U.S. at 691,104 S.Ct. at 2066.
In this case, counsel's investigation has not been shown to have been unreasonable, nor has his strategy been shown to have been outside the realm of reasonable assistance of counsel. Yet, even if counsel committed what appears in retrospect to have been a tactical error, that does not automatically mean that petitioner did not receive an adequate defense in the context of the constitutional right to counsel. Summers v.State, 366 So.2d at 341, citing Tillis v. State, 292 Ala. 521,296 So.2d 892 (1974). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland, supra, 466 U.S. at 691,104 S.Ct. at 2066. "[A]ny deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." Strickland,466 U.S. at 692, 104 S.Ct. at 2067.
Furthermore, in Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366,88 L.Ed.2d 203 (1985), the United States Supreme Court stated that in order to satisfy the prejudice requirement, a petitioner who has been convicted on a guilty plea must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.
In a coram nobis proceeding, petitioner bears the burden of presenting satisfactory proof of his claim. Chapman v. State,412 So.2d 1276 (Ala.Cr.App. 1982). We find that petitioner has failed to meet this burden of proof. Our examination of the record indicates that the trial court could have found that petitioner's defense counsel did not even commit error. Defense counsel testified that he informed petitioner that he would become eligible for parole sometime between 54 and 100 months after conviction. There was documentary evidence presented from which the trial judge could have drawn this inference also. Petitioner, of course, testified that he thought that he would be out on parole in 54 months. His belief was not completely supported by the testimony of his father, who was also present at the conversation between the defendant and his attorney. Although petitioner's father said he was under the impression that his son would be eligible for parole in 54 months, he testified that he understood from the comments made by his son's attorney that his son was not guaranteed parole in 54 months.
After reviewing the record thoroughly, we are of the opinion that the Court of Criminal Appeals did not err in affirming the trial court's denial of the petition for writ of error coram nobis. The judgment of the Court of Criminal Appeals is due to be, and it is hereby, affirmed.
AFFIRMED.
JONES, ALMON, SHORES, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
TORBERT, C.J., not sitting.