[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1030 
The appellant, Gary Leon Brown, appeals from the trial court's denial of his petition for post-conviction relief under Rule 20, A.R.Crim.P.Temp. (now Rule 32, A.R.Crim.P.). Brown was convicted of capital murder for the intentional killing of Jack McGraw during the course of a robbery. § 13A-5-40(a)(2), Code of Alabama 1975. The trial court sentenced Brown to death. This court upheld Brown's conviction in Brown v. State,545 So.2d 106 (Ala.Crim.App. 1988), and the Alabama Supreme Court affirmed, 545 So.2d 122 (Ala. 1989). The United States Supreme Court denied Brown's petition for certiorari review, Brown v.Alabama, 493 U.S. 900, 110 S.Ct. 257, 107 L.Ed.2d 206 (1989).
Brown then filed a Rule 20 petition, which sought relief by collaterally attacking his conviction and death sentence. An evidentiary hearing was held in Jefferson Circuit Court, after which the court denied Brown's petition. This appeal follows.
Sixteen of the issues Brown raises on appeal from his denial of post-conviction relief are procedurally barred from this court's consideration either because they could have been raised at trial and on direct appeal but were not, because they were raised at trial but not on appeal, or because they were raised and addressed on direct appeal. Rule 20.2, A.R.Crim.P.Temp. See also, Rule 32, A.R.Crim.P.; Hallford v.State, 0629 So.2d 6 (Ala.Crim.App. 1992). Rule 20 and Rule 32 apply with equal force to collateral proceedings in cases in which the appellant has been sentenced to death. Johnson v.State, 612 So.2d 1288, 1291 (Ala.Crim.App. 1992); Thompson v.State, 615 So.2d 129 (Ala.Crim.App. 1992).
 I
Brown contends that, for several reasons, the judge who presided over his trial, Judge James H. Hard, should have disqualified himself from also presiding over the *Page 1031 
post-conviction proceedings in this case. First, Brown argues that Judge Hard should have recused himself because, he argues, Judge Hard could not be expected to examine the propriety of the sentence he imposed. Brown also maintains that Judge Hard should have recused himself because, Brown says, he might have been reluctant to find that appellate counsel had been ineffective because that counsel is now a judge in the same circuit as Judge Hard. Further, Brown argues, the "equitable conscience of the court" requires that a different judge than the one who presided over the original trial hear the post-conviction petition. Brown's arguments as to this issue are without merit.
The record shows that Brown raised most of these allegations in a motion to disqualify Judge Hard, which was filed the same day as Brown's Rule 20 petition. Judge Hard denied the motion, and Brown filed a petition for a writ of mandamus, adding claims based on Judge Hard's denial of his motion to disqualify. This court denied the writ. Brown raises the same arguments again here.
Rule 20.6(d), A.R.Crim.P.Temp., now Rule 32.6(d), provides that post-conviction proceedings shall be assigned to the sentencing judge where possible, unless there is good reason to assign the proceeding to another judge. We do not believe that Brown has shown good reason to require the post-conviction proceeding to be heard by a judge other than Judge Hard.
Brown cites Canon 3.C.(1) of the Code of Judicial Ethics, which states: "A judge should disqualify himself in a proceeding in which . . . his impartiality might reasonably be questioned," and contends that, for the reasons set out above, Judge Hard's impartiality in this case could be questioned. We disagree.
 " 'A judge should not act "if he has any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to the suit." Morgan County Commission v. Powell, 292 Ala. 300, 311, 293 So.2d 830, 839 (1974). . . . A mere accusation of bias unsupported by substantial fact does not require disqualification of a judge. Taylor v. Taylor, 387 So.2d 849, 852 (Ala.Civ.App. 1980).' Ross v. Luton, 456 So.2d 249, 254 (Ala. 1984). In this State, the general rule is that a judge is presumed to be qualified and unbiased, McMurphy v. State, 455 So.2d 924, 929 (Ala.Crim.App. 1984), and the movant has a substantial burden in proving otherwise. Irby v. State, 429 So.2d 1179
(Ala.Crim.App. 1983). "Evidence must be presented to prove the judge possesses a personal bias as opposed to one that is judicial in nature. Personal as opposed to judicial bias is characterized by an attitude of extrajudicial origin derived non coram judice.' Moreland v. State, 469 So.2d 1305, 1307
(Ala.Crim.App. 1985). 'Bias and prejudice must be shown by the conduct of the trial judge and may not be presumed or inferred by his subjective views.' Hartman v. Board of Trustees of the University of Alabama, 436 So.2d 837, 841 (Ala. 1983). 'The appellant must present evidence to prove the personal bias of a judge, or else his motion cannot prevail.' Slinker v. State, 344 So.2d 1264, 1268
(Ala.Crim.App. 1977)."
Rutledge v. State, 523 So.2d 1087, 1109 (Ala.Crim.App. 1987), rev'd on other grounds, 523 So.2d 1118 (1988). Additionally, bias is not proved "simply because the trial judge who presided at the second trial of defendant had also presided at his first trial and heard evidence later found to be inadmissible by an appellate court." Id. (quoting McMurphy v. State,455 So.2d 924, 929 (Ala.Crim.App. 1984), quoting in turn Walker v.State, 38 Ala. App. 204, 84 So.2d 383 (1955)). Using the same logic, bias by the trial court against a defendant in a post-conviction proceeding cannot be proved simply because the same trial judge presided over the defendant's trial.
Our review of the record in this case shows that Brown did not offer any evidence to prove personal bias on the part of the trial judge. No evidence was presented to substantiate Brown's claims that Judge Hard could not fairly hear the post-conviction proceeding. Therefore, we find that the trial court did not err in denying Brown's motion to recuse. *Page 1032 
 II
Brown next argues that his trial counsel was ineffective and cites more than a dozen instances of his trial counsel's allegedly deficient performance. The burden of proof is on the appellant to show that his counsel rendered ineffective assistance. Ex parte Baldwin, 456 So.2d 129, 134 (Ala. 1984). To be successful on a claim of ineffective assistance of counsel, the appellant must show (1) that his counsel's performance was deficient, and (2) that he was prejudiced by his counsel's performance. Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland,466 U.S. at 690, 104 S.Ct. at 2066; see also, O'Neil v. State,605 So.2d 1251 (Ala.Crim.App. 1992). There is a strong presumption that counsel's conduct was appropriate and reasonable. Hallford v. State, 629 So.2d 6, 9 (Ala.Crim.App. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 1870,128 L.Ed.2d 491 (1994); Luke v. State, 484 So.2d 531, 534 (Ala.Crim.App. 1985). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689-90,104 S.Ct. at 2065. Moreover, "strategic choices made after a thorough investigation of relevant law and facts are virtually unchallengeable." Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987).
 A
Brown first makes the broad argument that his trial counsel failed to adequately prepare and present an effective defense strategy at both the guilt phase and the penalty phase of his trial. Specifically, Brown argues that trial counsel should have presented evidence of his history of alcohol and drug abuse, as well as evidence that Brown suffered from an antisocial personality disorder. Following an evidentiary hearing, the trial court rejected Brown's claim.
The record shows that Brown was represented at trial by Russell T. McDonald, an experienced lawyer who had once been a prosecutor and was a criminal defense attorney at the time of Brown's trial. He has either prosecuted or served as defense counsel in dozens of capital cases. The record further shows that McDonald met with Brown on several occasions and that he was aware Brown had a drug problem. McDonald studied the district attorney's file in this case, including statements from witnesses, police reports, co-defendant's statements and forensic reports, and listened to tapes of statements Brown gave to police.
At the evidentiary hearing, McDonald testified that his experience in Jefferson County, where this case was tried, showed him that jurors generally are prejudiced against a defendant who uses drugs, and this was why he elected not to present Brown's history of drug and alcohol abuse to the jury. As to Brown's mental state, evidence presented at the post-conviction proceeding showed that Brown was of above-average intelligence, had no neuropsychological problems, and had a "normal mental status." The only evidence of something abnormal regarding Brown's mental state was that he had an anti-social personality disorder, i.e., he does not accept social norms. That condition does not constitute mitigating evidence, however. See Harris v. Pulley,885 F.2d 1354, 1383 (9th Cir. 1988), cert. denied 493 U.S. 1051,110 S.Ct. 854, 107 L.Ed.2d 848 (1990). As the trial court found, "There is no reasonable probability that, had the jury and court been informed of Brown's personality disorder, Brown would have been sentenced to life without parole. Indeed, it is far more likely that such information would lead a jury to think death was an appropriate punishment."
McDonald testified that his defense strategy at trial, both at the guilt phase and at the penalty phase, was to show the jury that Brown was nonviolent, that he was a follower and not a leader, and that he had been dominated by an older codefendant, Archie Bankhead. He made a strategy decision not to present evidence of Brown's substance abuse or his mental status. " '[I]f an attorney is aware of a line of defense and makes a conscious decision to reject it, rather than *Page 1033 
failing to raise it simply because he was unaware that it existed, it is more likely that the failure to raise the defense was reasonable.' " Cade v. State, 629 So.2d 38, 41-42
(Ala.Crim.App. 1993) (quoting Gates v. Zant, 863 F.2d 1492,1498 (11th Cir. 1989), cert. denied, 493 U.S. 945,110 S.Ct. 353, 107 L.Ed.2d 340 (1989)). "An attorney may reasonably decide to avoid presenting evidence that he believes will do more harm than good." Cade v. State, 629 So.2d at 42.
The record shows that Brown's trial counsel developed a defense strategy and then followed that strategy. Trial counsel's testimony showed that he had sound reasons for developing the trial strategy, and trial counsel's defense strategy was within the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689-90, 104 S.Ct. at 2066.See, also, King v. Lynaugh, 868 F.2d 1400, 1405 (5th Cir. 1989), cert. denied, 489 U.S. 1099, 109 S.Ct. 1576,103 L.Ed.2d 942 (1989) ("jurors are generally unsympathetic toward drug abusers, particularly those who commit violent crime"). The trial court did not err in holding that Brown's trial counsel was not ineffective as to this issue.
 B
Brown also claims his trial counsel was ineffective because, he says, counsel failed to adequately examine jurors to identify those jurors who would automatically recommend the death sentence should he be convicted of capital murder. This Court rejected that argument in Hallford v. State, 629 So.2d 6,11 (Ala.Crim.App. 1992). "[T]his court has held that no plain error occurs when the trial court does not question the veniremembers on whether they are in favor of the death penalty." Id.; Henderson v. State, 583 So.2d 276
(Ala.Crim.App. 1990), aff'd, 583 So.2d 305 (Ala. 1991), cert. denied,503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). "A finding of no plain error is one factor to consider when assessing the performance of trial counsel." Hallford v. State, 629 So.2d at 10. Under the facts of this case, we cannot say that Brown was prejudiced by his trial counsel's performance.
 C
Brown next argues that he received ineffective assistance of counsel at a hearing seeking to suppress statements Brown made to police because, he says, counsel did not adequately prepare him to testify at the hearing and counsel did not present adequate evidence of involuntariness to warrant suppression of those statements. This argument also is without merit.
Brown contends that he should have testified at the suppression hearing to explain his dealings with the deputy sheriffs and "their having buttered him up." On direct appeal, this court reviewed the record of the suppression hearing and held that the three statements Brown made to police were properly admitted. Brown v. State, 545 So.2d at 112. Following the Rule 20 evidentiary hearing, the trial court found that Brown's testimony at that hearing was "unworthy of belief and false." Further, the trial court found that had Brown testified at the suppression hearing, the outcome would have been no different.
Because the statements Brown was seeking to have suppressed would have been admitted even had Brown testified, he was not prejudiced by his failure to testify. Because there was no prejudice to Brown, he did not meet the second prong of theStrickland test and this court cannot find that he received ineffective assistance of counsel because he did not testify at the suppression hearing. Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
At his Rule 20 hearing, Brown presented evidence of his drug and alcohol abuse, as well as evidence that he had used drugs and alcohol shortly before the murder. Apparently, Brown believes that had this evidence been presented at his suppression hearing, it would have tended to prove that his statements to police were not given knowingly, intelligently, or voluntarily, and, that therefore, those statements should have been suppressed. The record shows that Brown gave two of the statements in the days following the murder. His third statement was given a month after the murder, when he requested to talk to police. We fail to see how use of drugs or alcohol days before the *Page 1034 
statements were given would have any affect upon the voluntariness of the statements. Further, the officers who took the statements testified that Brown was coherent and sober when he gave the statements. The facts in this case do not support Brown's contention that trial counsel was ineffective for failing to introduce evidence of Brown's substance abuse in an effort to suppress the statements Brown made to police. Brown did not receive ineffective assistance of counsel at the suppression hearing.
 D
Brown then argues that trial counsel was ineffective for failing to object to a number of jury instructions given by the trial court. On direct appeal, this court reviewed those instructions for plain error and found none. Because there was no error in the trial court's instructions, trial counsel could not have been ineffective for failing to object to the instructions. Hallford v. State, 629 So.2d 6, 11
(Ala.Crim.App. 1992), cert. denied, ___ U.S. ___, 114 S.Ct. 1870,128 L.Ed.2d 491 (1994).
 E
Brown also contends that trial counsel should have objected to what he says were improper closing arguments made by the prosecutor during both the guilt and sentencing phases of the trial. Again, on direct appeal this court reviewed the prosecutor's arguments for plain error and found none. Because there was no plain error in the prosecutor's closing arguments in this case, trial counsel could not have been ineffective for failing to object to those arguments. Hallford, supra.
 F
Brown claims that trial counsel was ineffective because, he says, his attorney failed to adequately prepare for the cross-examination of Dr. Robert Brissie, the Jefferson County medical examiner. Brissie's testimony that although the victim was unconscious he still would have been able to feel pain supported the aggravating circumstance that Brown's offense was especially heinous, atrocious or cruel. The record shows that at the Rule 20 hearing, Dr. Brissie's testimony remained unchanged. As the trial court pointed out, "That McDonald [trial counsel], as well as Brown's current counsel, could not get Dr. Brissie to testify that an unconscious person would not feel pain does not show that McDonald's performance was deficient." We agree with the trial court's holding that at the Rule 20 hearing, Brown failed to present any evidence to contradict Dr. Brissie's opinion. Therefore, there is no reasonable probability that, but for trial counsel's performance, Brown would not have been sentenced to death.
 G
Brown argues that his trial counsel was ineffective because, he says, he failed to specify all possible constitutional grounds for his objection to a witness's testimony. He also claims that trial counsel erred in allowing the jury to hear a tape recording of the prosecutors' interrogation of that witness. On direct appeal, this court reviewed the record in this case and found that neither of these issues rose to the level of plain error. Therefore, trial counsel could not have been ineffective for failing to act as Brown now argues he should have acted.
Further, trial counsel did object to the playing of the tape; however, he also testified at the Rule 20 hearing that he wanted the jury to hear the tape because he believed it showed the prosecutors in a bad light, and because in the tape recording, the prosecutors appeared to be trying to change the witness's testimony. Such a strategic decision on the part of experienced trial counsel is "virtually unchallengeable."Ex parte Lawley, 512 So.2d 1370, 1372 (Ala. 1987). Such a reasonable trial strategy cannot be deemed ineffective assistance of counsel.
 III
Brown claims that he also received ineffective assistance of counsel on direct appeal and cites 17 grounds in support of that contention. Most of these allegations involve the same claims Brown argues his trial counsel should have raised, and, just as the allegations were without merit as to trial counsel *Page 1035 
so are they without merit as to appellate counsel.
Counsel need not raise and address each and every possible argument on appeal to ensure effective assistance of counsel. Indeed, the process of "winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. Murray, 477 U.S. 527, 536,106 S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). See also, Johnson v.State, 612 So.2d 1288, 1303 (Ala.Crim.App. 1992).
William Wynn, assisted by William DelGrosso, represented Brown on appeal. At the Rule 20 hearing, Wynn testified that before accepting the appointment to represent Brown, he talked with trial counsel about the case. Then both Wynn and DelGrosso reviewed the record and identified what they believed were substantial issues. Wynn said he thought the most effective way of presenting Brown's case on appeal was to focus on the best issues available. Wynn and DelGrosso researched the issues, then Wynn hired a legal research service to perform additional research. After extensive research, Wynn wrote the appellate brief.
The process appellate counsel followed is the "hallmark of effective appellate advocacy." Therefore, it clearly could not fall outside of "the wide range of reasonable professional assistance" contemplated in Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
In his petition for post-conviction relief, Brown lists the issues he claims appellate counsel should have raised on direct appeal. After reviewing that list, we agree with the trial court that Brown's argument as to this issue is without merit. We hold that, as to whether Brown's appellate counsel was ineffective, Brown failed to establish either prong of theStrickland test. Brown failed to show that appellate counsel was deficient in failing to raise those issues he now claims should have been raised, and he failed to establish that the outcome of his appeal would have been any different had those issues been raised.
The judgment of the trial court is due, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, P.J., concurs in result only.