On Return to Remand
On June 21, 1996, we remanded this cause for the trial court to make findings of fact as to each of the appellant's allegations of ineffective assistance of counsel raised in his Rule 32, Ala.R.Crim.P., petition. On remand, the trial court made the following findings of fact:
 "1. The Defendant's allegation of ineffective assistance of trial counsel for failure to object to a communication with the Court by a juror (paragraphs 1 and 2) were raised on appeal and denied by the Court of Appeals.
 "2. The Defendant's allegation of ineffective assistance of trial counsel for failure to object or move to suppress a photo identification and the pictures it was based on (paragraphs 3, 7, 9, 13, 14), are without merit. Defendant's counsel objected to the in-court identification of the Defendant; objected to the use of the photos; renewed his objection at the end of the State's case-in-chief; and the Defendant alleges no factual basis nor is the Court aware of any factual basis, that would indicate the photos were obtained or used in an unconstitutional manner.
 "3. The Defendant's allegation of ineffective assistance of counsel for failure to file a motion to dismiss the indictment (paragraph 4) is without merit. A motion to dismiss the indictment was filed by trial counsel. The indictment tracks that section of the Code of Alabama 1975 which sets out the offense of robbery in the first degree. Further, the Defendant alleges no factual basis which would indicate the indictment was due to be dismissed.
 "4. The Defendant's allegation of ineffective assistance of counsel for failure to challenge the composition of the grand and petit juries (paragraph 5) is without merit. The Defendant alleges no factual basis upon which the composition of the juries could have been challenged.
 "5. The Defendant's allegation of ineffective assistance of counsel for failure to investigate the facts of the case (paragraph 6) is without merit. Defendant's trial counsel is an experienced trial attorney, having tried numerous criminal cases before this Court and others in this Circuit. The case against the Defendant did not involve any complicated legal issues and the examination and cross-examination of witnesses was effective under the circumstances. The Defendant alleges no facts which would indicate he was prejudiced by trial counsel's preparation.
 "6. The Defendant's allegation of ineffective assistance of counsel for failure to impeach the witnesses (paragraph 8) is without merit. The Defendant fails to allege any factual basis upon which any witness might have been impeached which was not covered by counsel during trial.
 "7. The Defendant's allegation of ineffective assistance of counsel for failure to subpoena records from Work Tech (paragraphs 10 and 11) are without merit. The Defendant fails to allege any factual basis which would make the records of other potential employees at Work Tech relevant; nor does the Defendant allege any factual basis that his employment records were somehow privileged.
 "8. The Defendant's allegation of ineffective assistance of counsel for failure to subpoena alibi witnesses (paragraph 12) is without merit. The Defendant fails to allege any factual basis to indicate that there were alibi witnesses.
 "9. The Defendant's allegation of ineffective assistance of counsel for failure to move to obtain pretrial discovery (paragraphs 15 and 16) are without merit. The Defendant's trial counsel was given 'open file' discovery by the State. Further, this Court entered the standard discovery motion for this Circuit which entitles the Defendant[']s counsel, without further motion, to obtain all material discoverable under Rule 16, Alabama Rules of Criminal Procedure.
 "10. The Defendant's allegation of ineffective assistance of counsel for failure to *Page 1281 
file a motion to interview witnesses (paragraph 16) is without merit. There is no legal requirement requiring a party to obtain permission to interview a witness.
 "11. The Defendant's allegation of ineffective assistance of counsel for failure to communicate with the Defendant (paragraph 18) is without merit. The Defendant fails to allege any factual basis to show prejudice due to a lack of communication by his counsel. Further, this issue could have been raised on appeal but was not.
 "12. The Defendant's allegation of ineffective assistance of counsel for failure to advise the Defendant he would likely be impeached by his prior record (paragraph 19) is without merit. The failure of counsel to advise of possible impeachment by way of a showing of prior convictions if the Defendant took the stand is an issue which could have been raised on appeal but was not.
 "13. The Defendant's allegation of ineffective assistance of counsel for failure to object to an illegal arrest of the Defendant (paragraph 20) is without merit. The Defendant alleges no factual basis upon which his arrest may be found to be illegal.
 "14. The Defendant's allegation of ineffective assistance of counsel for failure to request a presentence report, move to prohibit the use of prior convictions for enhancement purposes and to object to the use of specific prior convictions (paragraphs 21 and 22) are without merit. The Defendant's counsel, after conviction, requested a presentence report. The Defendant asked the Court to waive a presentence report and sentence [the] defendant immediately. This Court declined to do so, ordered that sentencing be set over the two days and caused certified copies of the specific prior convictions of the Defendant used to enhance his sentence be shown to the Defendant prior to the sentencing.
 "15. The Defendant's allegation of ineffective assistance of counsel for failure to declare a conflict because the Defendant's counsel and the victim were both of the white race or knew each other (paragraph 23) is without merit. The Defendant's allegation that this counsel had a conflict of interest because counsel and the victim were of the same race is illogical and without factual support. Further, the allegation that the Defendant's counsel knew the victim is without factual support.
 "16. The Defendant's further allegation of ineffective assistance of appellate counsel for failure to present issues and argument on appeal is without merit. The Defendant fails to allege any factual basis for grounds for an appeal that were not presented by appellate counsel.
 "17. The Defendant's allegation of ineffective assistance of appellate counsel due to a conflict of interest is without merit. The Defendant's allegation that a conflict exists between trial and appellate counsel because both are friends, employed to represent Defendant through appointment by the Court (indigent appointments) and because they are members of the same Bar Association, is illogical and without factual support."
The trial court's findings of fact reflect a number of situations in which trial counsel, despite the appellant's alleged claims, took appropriate action in the appellant's behalf. Moreover, the appellant has failed to meet the requirements of Strickland v. Washington, 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in that he has failed to show that his counsel's performance was deficient and that he was prejudiced by that performance. The trial court's findings demonstrate, and the record supports those findings, that the appellant's trial counsel rendered adequate assistance. There is no indication that a different outcome would have resulted but for his trial counsel's performance. See Brown v. State,663 So.2d 1028 (Ala.Cr.App. 1995); Ex parte Lawley,512 So.2d 1370 (Ala. 1987).
Because the appellant failed to meet his burden of proof as to his claim of ineffective assistance of counsel, the trial court's denial of his Rule 32 petition was proper.
AFFIRMED.
All judges concur. *Page 1282