[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 97-6812

_____

D. C. Docket No. CV-91-C-0106-S

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
10/01/98
THOMAS K. KAHN
CLERK

VICTOR KENNEDY,

Petitioner-Appellant,

versus

JOE HOPPER, Commissioner
of Alabama Department of
Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 1, 1998)**

Before TJOFLAT, ANDERSON and COX, Circuit Judges.

COX, Circuit Judge:

Victor Kennedy, an Alabama inmate under sentence of death, appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm.

1. *Background*

This is the second time Kennedy's petition has been before this court. Our earlier opinion details the facts underlying Kennedy's conviction and the history of his state-court appeals and collateral proceedings. *See Kennedy v. Herring*, 54 F.3d 678, 681-82 (11th Cir. 1995) (*Kennedy I*). In that opinion, this court affirmed the district court's denial of relief on all of Kennedy's claims, save one. That claim, which alleges that Kennedy's three statements to police were improperly admitted against him at trial, had not been addressed by the district court.[1] We remanded the case to the district court for it to consider the claim in the first instance.

The district court did so, analyzing separately the four subclaims stated in the petition: (1) Kennedy's statements were taken in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602 (1966), because Kennedy's alleged mental handicap impeded him from understanding his rights and validly waiving them; (2) the statements were taken in violation of Kennedy's Sixth Amendment rights because Kennedy was not, after request, provided counsel; (3) the statements were involuntary, and thus taken in violation of Kennedy's Fifth Amendment rights, because Kennedy was not informed that he was suspected of a crime punishable by death; and (4) a fourth statement, which was not admitted at trial but which was available to the sentencing judge, was

---

[1] The statements, in which Kennedy admitted being on the scene of the crime but denied having participated in the murder, are described more fully in the earlier opinion. *Kennedy I*, 54 F.3d at 681.

2

taken by a probation officer without a *Miranda* warning.[2] The district court concluded that the first, third, and fourth subclaims were procedurally defaulted in state court because Kennedy could have, but did not, raise such claims in the state trial court.

On the other hand, the district court considered the second subclaim, concerning the absence of counsel, not to be procedurally defaulted. The district court first concluded that the lack of counsel was the primary ground for a motion to suppress the statements, and that the subclaim was thus presented to the state trial court. The district court then reasoned that the subclaim, although not briefed, was in fact raised in the Alabama Court of Criminal Appeals because the denial of the motion to suppress was listed as an adverse ruling under Ala. R. App. P. 28(a)(7). The district court denied relief on the subclaim, however, on the merits; the court deferred to the state trial court's "finding" after a hearing that Kennedy voluntarily waived counsel.

Kennedy appeals, arguing that none of the subclaims are in fact defaulted because they were all at least indirectly hinted at in the state trial court and incorporated as issues on appeal by way of the adverse-ruling list. He also contends that the district court improperly deferred to the state court's conclusion on his lack-of-counsel subclaim.[3] The state responds that an issue cannot be considered raised in a state court unless the issue was fairly presented, that is supported by factual representations and legal argument. These issues are purely ones of law, and our review is therefore de novo. *Kennedy I*, 54 F.3d at 682.

## 2. *Discussion*

---

[2]  The parties have consistently divided this claim analytically into four subclaims since our remand; in doing so, we are simply following their lead.

[3]  Because we rest our decision on procedural default principles, we need not address whether deference was due the state court conclusion on Kennedy's waiver of counsel.

3

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 2565 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas . . . ." *Id.* at 735 n.1, 111 S. Ct. at 2557 n.1; *see Teague v. Lane*, 489 U.S. 288, 297-99, 109 S. Ct. 1060, 1068-69 (1989) (analyzing Illinois law to determine whether a claim was defaulted under Illinois law when the claim was not raised in the Illinois courts); *Chambers v. Thompson*, ___ F.3d ___, No. 96-8905, slip op. at 3804 (11th Cir. Aug. 17, 1998); *Kennedy I*, 54 F.3d at 684.  In capital cases — as in all criminal cases — Alabama law effectively requires a petitioner to preserve  any federal constitutional error by objection at trial, and to pursue that assertion of error on direct appeal, if the error is capable of being raised at those times. *See* Ala. R. Crim. P. 32(a)(5) (barring collateral review of issues not so raised); *Cain v. State*, 712 So. 2d 1110, 1112 (Ala. Crim. App. 1997); *Horsley v. State*, 675 So. 2d 908, 909 (Ala. Crim. App. 1996); *Brown v. State*, 663 So. 2d 1028, 1030 (Ala. Crim. App. 1995). Claims that may be raised in direct proceedings and are not raised there are accordingly unexhausted and later procedurally barred from federal habeas corpus review. *See Magwood v. Smith*, 791 F.2d 1438, 1444 (11th Cir. 1986) (interpreting Alabama procedural rules). Here, every subclaim is barred for failure to raise it on direct appeal.

*a. Involuntariness due to diminished mental capacity*.  In his petition, Kennedy alleges that his statements were involuntary because of his "mental handicap." (R.-7 ¶ 138(i).)  According to

4

Kennedy, this claim has an ancestor in the trial court proceedings. Kennedy's one-page motion to suppress his statements includes the statement that "[a]t the time of defendant's arrest he was an 18 year old, black, unemployed high school drop-out, who was indigent." (SR.6-23 ¶ 4.)[4] Later, at the evidentiary hearing on the motion, Kennedy's lawyer elicited testimony from the interrogating police officer that Kennedy stayed in school only through the tenth grade, and that Kennedy was only eighteen years old. Finally, when the state sought to introduce Kennedy's second and third statements in evidence, Kennedy's lawyer objected on the grounds that "the Defendant didn't knowingly and intelligently waive his right to remain silent and was not advised of the possibility of receiving the death penalty," (SR.-3 at 546), and that "[h]e did not knowingly and intelligently waive the right to remain silent and also, was not apprised as to the Constitution of the State and also he was not advised he could go to the electric chair for the material that was presented," (SR.3 at 576). The trial court denied the motion to suppress and overruled the objections.

On appeal, Kennedy raised no issue and made no argument concerning either the motion to suppress or the voluntariness of the statements.[5] Alabama procedural rules, however, require each defendant's brief in the Alabama Court of Criminal Appeals to "contain a list of each and every ruling by the trial court adverse to the defendant." Ala. R. App. P. 28(a)(7). Kennedy followed the rule by describing the rulings that resulted from his motion and objections in the trial court. The three relevant rulings appear in this listing as follows:

---

[4]     "SR." refers to the state court record, which was filed with Kennedy's habeas corpus checklist.

[5]     Kennedy did challenge the admission of a transcript of his third statement on the ground that the transcript's admission violated the best evidence rule.

| Record Page No. | Summary |
|---|---|
| 528 | Denial of Defense Counsel's motion to suppress the Defendant's statement. |
| . . . . | . . . . |
| 546 | Allowing the admission into evidence of State's Exhibits Nos. 3 and 4 over Defense Counsel's objection on the grounds previously assigned and on the grounds that the Defendant did not knowingly and intelligently waive his right to remain silent and was not advised of the possibility of receiving the death penalty. |
| 554 | Allowing the witness, Officer Reed Smith, to read State's Exhibit No. 6 to the jury over Defense Counsel's objection on the grounds previously assigned, that the Defendant did not intelligently waive the right to remain silent, and that the recording of the statement made on December 29, 1980 would itself be the highest and best evidence. |
| 576 | Allowing the admission into evidence of State's Exhibits Nos. 5 and 6 over objection by Defense Counsel on grounds previously assigned, the Defendant was not represented by an attorney, he did not knowingly and intelligently waive his right to remain silent, he was not apprised as to the Constitution of the State of Alabama, and he was not advised that he could go to the electric chair for the material that he presented. |

(SR.7-24, at xvii; *id*. at xviii.) The list in which these adverse rulings appear occupies thirty-two single-spaced pages at the beginning of the brief, before the list of issues, and contains no citation of authority or assertion that any ruling is incorrect. As is obvious, the listings at best recite the objections made at trial.

6

Kennedy argues, based on this history, that this issue of the voluntariness of his statements was raised at trial, and that the adverse ruling list alone suffices to raise the issue on direct appeal. Therefore, in Kennedy's opinion, this subclaim is both exhausted and preserved for federal review. We disagree. Even if this subclaim were raised at trial, which we seriously doubt, for the reasons that follow we cannot conclude that it was raised on appeal in accordance with Alabama law.

First, the Alabama Court of Criminal Appeals has declined at least one appellant's invitation to put in issue *all* adverse rulings of the trial court listed under Rule 28(a)(7). *Haney v. State*, 603 So. 2d 368, 401 (Ala. Crim. App. 1991), *aff'd*, 603 So. 2d 412 (Ala. 1992). The court indeed rooted its refusal in explicit disapproval of Kennedy's current strategy: "[T]he motive of the appellant, in raising these matters in this manner, is to lay the groundwork to avoid the possibility of being procedurally barred from raising certain issues in future habeas corpus proceedings in federal court. This activity smacks of 'sandbagging,' which has been strongly condemned by the [U.S.] Supreme Court . . . ." *Id.* (citation omitted).

Second, the Alabama courts' application of the procedural bar rule comports with this refusal to treat adverse ruling listings as issues on appeal. In addressing petitions for collateral relief, Alabama courts have consistently deemed issues not raised on appeal to be procedurally defaulted under Ala. R. Crim. P. 32.2(a)(5), which bars relief on grounds that could have been, but were not, raised on appeal. *See, e.g.*, *Brown v. State*, 663 So. 2d 1028, 1030 (Ala. Crim. App. 1995); *Hays v. State*, 599 So. 2d 1230, 1237 (Ala. Crim. App. 1992); *Thompson v. State*, 581 So. 2d 1216, 1218-19 (Ala. Crim. App. 1991). If Kennedy is right that an adverse ruling listing raises an issue on appeal, Rule 32.2(a)(5) would *never* bar a claim. Rather, the appropriate bar would be Rule 32.2(a)(4), which prohibits relief in collateral proceedings on any ground that *was* raised on direct appeal. We

have located no case holding an issue to be barred under Rule 32.2(a)(4) because it was suggested by a listed adverse ruling. Finally, Alabama appellate procedure rules explicitly require a statement of the issues presented for review. Ala. R. App. P. 28(a)(3). When Alabama courts on collateral review identify the issues raised on direct appeal, they refer to this listing of issues on appeal, not the adverse rulings list. *See, e.g.*, *Thompson*, 581 So. 2d at 1218 n.2, 1219 nn.3 & 4.

For all these reasons, we hold that listing an adverse ruling under Ala. R. App. P. 28(a)(7) does not, under Alabama law, raise an issue on appeal such that the issue is both exhausted and preserved for federal review. Because apart from the adverse ruling list Kennedy did not hint on appeal that his alleged mental handicap rendered his statements involuntary, this subclaim is procedurally defaulted.[6]

*b. Taking of statements without counsel.* This claim Kennedy raised in the state trial court. His motion to suppress argued that Kennedy's "Sixth Amendment Rights were violated by his not being taken before a magistrate and appointed an attorney, and he was denied an attorney who could have advised defendant of his right to remain silent . . . ." (SR.6-23 ¶ 9.) At the hearing on the motion to suppress, Kennedy's want of counsel was the primary ground argued. The state trial court

---

[6] We have focused here on the court of criminal appeals and not the supreme court; the briefs of the parties do the same. We note, however, that Kennedy did not mention this ground for reversal of his conviction — or any of the others asserted here — in any way in his petition for certiorari and briefs before the Alabama Supreme Court on direct appeal. Alabama affords death-sentenced defendants certiorari review by right. *See* Ala. R. App. P. 39(c). Therefore, a death-sentenced defendant who has raised an issue in the court of criminal appeals, but abandons it on mandatory certiorari review, has arguably failed to timely exhaust his state remedies, barring his claim from federal review. *Cf. Hughes v. Stafford*, 780 F.2d 1580, 1581 (11th Cir. 1986) (requiring a Georgia petitioner to seek a certificate of probable cause to appeal before the Georgia Supreme Court to exhaust his state remedies). In light of Kennedy's failure to assert any of these subclaims in either the court of criminal appeals or the supreme court, he has defaulted them whether we look to proceedings before the court of criminal appeals or before the supreme court.

8

held an evidentiary hearing on the motion to suppress and concluded (on evidence that included signed waivers) that Kennedy voluntarily waived his right to counsel. Kennedy did not raise the uncounseled statement on appeal, except as mentioned above in the list of adverse rulings. As explained above, under Alabama procedural law listing an adverse ruling does not amount to making the correctness of the ruling an issue on appeal. Kennedy's subclaim is thus barred for failure to raise it on direct appeal.

c. *Taking of statements without warning that statements could lead to a death sentence.*[7] Kennedy briefly asserted this ground for suppressing the statements only during trial. First, Kennedy laid the groundwork for the argument by eliciting testimony from Kennedy's interrogating officer that the officer never told Kennedy that Kennedy "could go to the electric chair for this type of murder." (SR.3 at 495.) Later, the one-sentence objections to the admission of Kennedy's second and third statements (quoted above) referred to this omission on the officer's part. The trial court overruled these objections. On appeal the issue appears only in the nearly verbatim quotation of Kennedy's objections in the adverse-ruling list (again quoted above). This issue was thus not raised on appeal under Alabama law, and the subclaim is therefore procedurally defaulted.

d. *Taking of statement by probation officer without* Miranda *warnings.* Kennedy argued in his motion to suppress the statements that one statement (which was ultimately not admitted at trial) was taken without prior *Miranda* warnings. The trial court denied the motion to suppress after a hearing. But as in the case of the other subclaims, Kennedy did not mention the issue on appeal

---

[7]     We express no opinion whether the Constitution requires a warning to a suspect that a statement may lead to indictment for a death-eligible crime.

9

except obliquely by putting the denial of the motion to suppress on the adverse-ruling list.  The subclaim is thus defaulted under Alabama law.

### 3.  *Conclusion*

For the foregoing reasons, the district court's denial of relief is affirmed.

AFFIRMED.