BURKE, Judge.
Mesiah Abercrombie pleaded guilty to first-degree robbery, a violation of § 13A-8-41(a)(l), Ala.Code 1975, and was sentenced as a habitual felony offender to life imprisonment without the possibility of pa *588 role. Abercrombie filed a motion to withdraw his guilty plea, which the trial court denied. This Court affirmed the trial court’s denial of Abercrombie’s motion in Abercrombie v. State, (CR-10-1485, March 9, 2012) 130 So.3d 585 (Ala.Crim.App.2012) (table). On May 13, 2013, Abercrombie filed a timely petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. After a response from the State, the circuit court summarily denied the petition. This appeal follows.
In his petition, Abercrombie claimed, among other things, that he received incorrect advice from trial counsel regarding the effect of his guilty plea. Specifically, Abercrombie asserted that his guilty plea “was fatally infected by ... his trial counsel’s telling him that he would get a sentence of 20 years split to serve 5 years but that if he took his case to trial and lost, he would get life without the possibility of parole.... ” (C. 25.) Abercrombie contended that counsel’s advice was erroneous and that it constituted ineffective assistance of counsel. Therefore, he argued, his plea was not entered with effective assistance of counsel.
To prevail on an ineffective-assistance-of-counsel claim, a petitioner must show that his counsel’s performance was deficient and that counsel’s deficient performance prejudiced him. See Brown v. State, 663 So.2d 1028 (Ala.Crim.App.1995), citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). “When an appellant’s claim of ineffective assistance of counsel arises from alleged errors committed by counsel in the guilty plea process, the prejudice prong of the Strickland analysis is satisfied by the appellant’s establishing ‘that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.’ ” Culver v. State, 549 So.2d 568, 572 (Ala.Crim.App.1989), quoting Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. Furthermore, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” Strickland, 466 U.S. at 689.
As to the deficient-performance prong of Strickland, Abercrombie alleged that trial counsel told him that the trial court had the discretion to impose a 20-year sentence and to split the sentence so that Abercrombie would serve 5 years. A review of the record from Abercrombie’s guilty-plea hearing reveals that this advice was based on counsel’s assumption that the trial court could deviate from the Habitual Felony Offender Act (“HFOA”) and sentence Abercrombie under Alabama’s voluntary-sentencing standards. The voluntary-sentencing standards are set out in § 12-25-1 et seq., Ala.Code 1975. Section 12-25-34.1, Ala.Code 1975, provides:
“The initial voluntary sentencing standards and the accompanying worksheets and instructions, as adopted by the Sentencing Commission on September 30, 2005, and filed with the Clerk of the Supreme Court, the Secretary of the Senate, and the Clerk of the House of Representatives, are approved for implementation effective on October 1, 2006, under the terms and conditions set out in Sections 12-25-34 and 12-25-35..,
Paragraph 17 of the Initial Sentencing Standards: Instructions and Worksheets provides that the sentencing standards “do not apply to mandatory life without parole sentences [imposed] pursuant to the” HFOA.
A review of the record from Abercrombie v. State (CR-10-1485, March 9, 2012), 130 So.3d 585 (Ala.Crim.App.2012) (table), *589 reveals that Abercrombie had three prior felonies, one of which was drug trafficking, a Class A felony. See § 13A-12-231(13), Ala.Code 1975. Therefore, Abercrombie was subject to sentencing under § 13A-5-9(c)(4), Ala.Code 1975, which provides:
“(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he or she must be punished as follows:
[[Image here]]
“(4) On conviction of a Class A felony, where the defendant has one or more prior convictions for any Class A felony, he or she must be punished by imprisonment for life without the possibility of parole.”
Thus, Abercrombie was subject to a mandatory life-without-parole sentence and was consequently ineligible to be sentenced under the voluntary-sentencing standards. Accordingly, trial counsel’s assertion that Abercrombie could potentially receive a 20-year split sentence was incorrect.
“To meet the first prong of the [Strickland ] test, the petitioner must show that his counsel’s representation fell below an objective standard of reasonableness. The performance inquiry must be whether counsel’s assistance was reasonable, considering all the circumstances.” Ex parte Lawley, 512 So.2d 1370, 1372 (Ala.1987). In the present case, it appears that trial counsel gave Abercrombie erroneous advice regarding the possible outcome of his guilty plea. A reading of the above-mentioned statutes as well as the Initial Sentencing Standards: Instructions and Worksheets would have informed trial counsel that the only possible sentence for Abercrombie was life imprisonment without the possibility of parole.
We also note that the trial court seemed to be under the impression that it was allowed to sentence Abercrombie under the voluntary-sentencing standards. During the guilty-plea colloquy, the trial court explained that, under the HFOA, Aber-crombie would be sentenced to life imprisonment without the possibility of parole. However, the judge then stated:
“But then as an alternative to [the HFOA] there is another statute that says—there is a new range of punishment called the sentencing standards. Now, the sentencing standards do not apply to every crime but they do apply to most crimes and they loill apply here as a sentencing standard that says I can apply a range of punishment set out in that law that says you could serve 156 months in the penitentiary as a minimum up to 1,020 months.”
(Rl. 19)(emphasis added).[1] Nevertheless, trial counsel should have been aware that Abercrombie was ineligible for sentencing under the voluntary-sentencing standards and that any sentence other than life imprisonment without the possibility of parole would have been an illegal sentence.
It also appears that Abercrombie was prejudiced by trial counsel’s erroneous advice. Although Abercrombie entered a blind plea, he did so with the assumption that the trial court had the discretion to impose a lesser sentence than it could actually impose. Had Abercrombie known that his guilty plea would definitely result in a sentence of life imprisonment without parole, there is a reasonable probability that he would have elected to go to trial.
“The standard of review on appeal in a post conviction proceeding is *590 whether the trial judge abused his discretion when he denied the petition.” Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992). “ ‘ “ ‘A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.’ ” ’ ” Hodges v. State, 926 So.2d 1060, 1072 (Ala.Crim.App.2005), quoting State v. Jude, 686 So.2d 528, 530 (Ala.Crim.App.1996), quoting in turn Dowdy v. Gilbert Eng’g Co., 372 So.2d 11, 12 (Ala.1979), quoting in turn Premium Serv. Corp. v. Sperry & Hutchinson Co., 511 F.2d 225 (9th Cir.1975). In the present case, Aber-crombie asserted facts that, if true, would entitle him to relief. See Rule 32.3, Ala. R.Crim. P. Accordingly, the circuit court abused its discretion by summarily denying Abercrombie’s petition. Abercrombie should be allowed to prove his claims at an evidentiary hearing or through other means as provided in Rule 32.9(a), Ala. R.Crim. P. (“The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing,.,. ”).[2]
We note that Abercrombie raised additional issues in his petition. However, based on our resolution of his ineffective-assistance-of-counsel claim, we need not address those issues at this time.
For the foregoing reasons, this case is remanded for proceedings consistent with this opinion. Due return shall be made to this Court within 42 days from the date of this opinion,
REMANDED WITH INSTRUCTIONS.*
WELCH and JOINER, JJ., concur.
KELLUM, J., dissents, with opinion.
WINDOM, P.J., joins in dissent.

. “Rl” denotes the record on appeal from Abercrombie v. State (CR-10-1485, March 9, 2012), 130 So.3d 585 (Ala.Crim.App.2012) (table). This Court may take judicial notice of its own records. Hull v. State, 607 So.2d 369 (Ala.Crim.App.1992).

. As Judge Kellum notes in her dissent, the circuit court issued an order granting the State's request to permit submission of documentary evidence pursuant to Rule 32.9(a), Ala. R.Crim. P., in lieu of conducting an evi-dentiary hearing on Abercrombie’s petition. However, the order did not specify a time frame in which the evidence was to be submitted. We also note that Rule 32.9(a) permits the circuit court to hold an evidentiary hearing in addition to receiving documentary evidence.

 Note from the reporter of decisions: On January 30, 2015, on return to remand, the Court of Criminal Appeals dismissed the appeal, without opinion.