Sammie Lee **GORDON,**
**Plaintiff–Appellant,**

v.

**John E. NAGLE, Warden; Attorney General of the State of Alabama, Defendants–Appellees.**

No. 92–6100.

United States Court of Appeals,
Eleventh Circuit.

April 27, 1994.

Douglas H. Scofield, Scofield, West & French, Birmingham, AL, for appellant.

Cecil G. Brendle, Jr., Asst. Atty. Gen., Montgomery, AL, for appellee.

Before COX and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

In this case we have certified to the Supreme Court of Alabama the following question:

> Does the failure to inform an age-qualified defendant of his right to apply for youthful offender status deprive the trial court of jurisdiction to entertain a guilty plea, such that a subsequent challenge to that conviction cannot be barred by the limitations period of Ala.R.Crim.P. 32.2(c)?

*Gordon v. Nagle*, 2 F.3d 385 (1994). The Supreme Court of Alabama has answered that question in the negative. *Gordon v. Nagle*, —— So.2d ——, 1994 WL 94526 (1994).

Based upon that answer we conclude that the district court did not err in holding that Gordon had committed a procedural default under *Teague v. Lane*, 489 U.S. 288, 297–99, 109 S.Ct. 1060, 1068–69, 103 L.Ed.2d 334 (1989), because he had not presented his claim in state court and was now barred from doing so by the statute of limitations in Ala. R.Crim.P. 32.

The decision of the district court is, therefore, AFFIRMED.