[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19 2000
THOMAS K. KAHN
CLERK

_____

No. 98-6684

_____

D. C. Docket No. 96-00113-CIV-C-S

LARRY FRANKLIN,

Petitioner-Appellant,

versus

ROY HIGHTOWER, Warden,
BILL PRYOR, The Attorney General of the State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(June 19, 2000)**

Before COX and HULL, Circuit Judges, and GEORGE*, Senior District Judge.

PER CURIAM:

Larry Franklin appeals the district court's denial of his petition under 28 U.S.C.

§ 2254.  We affirm.

---

* Honorable Lloyd D. George, Senior U. S. District Judge for the District
of Nevada, sitting by designation.

In 1982, an Alabama circuit court convicted Franklin, on pleas of guilty, of three counts of third-degree burglary. Franklin served his sentence without any collateral attack on his convictions. In 1993, a jury found Franklin guilty of first-degree robbery, and the circuit court sentenced Franklin to life without parole under Alabama's Felony Habitual Offender Act. Franklin then filed a petition under Alabama Rule of Criminal Procedure 32 challenging his 1982 convictions on the grounds that neither the court nor his counsel advised him of the rights he was waiving by pleading guilty, thus violating his right to due process under *Boykin v. Alabama*[1] and depriving him of effective assistance of counsel. The circuit court denied the petitions as barred by Rule 32's two-year statute of limitations. The Alabama Court of Criminal Appeals affirmed for the same reason.

Franklin then filed this § 2254 petition. The petition asserted three challenges to the 1982 convictions: (1) the circuit court violated Franklin's due-process rights by permitting him to plead guilty without being informed of the charges against him;[2] (2) the indictment was void because it was not signed by the grand jury foreperson, and the circuit court therefore lacked jurisdiction; and (3) his counsel was ineffective for

[1]     395 U.S. 238, 243, 89 S. Ct. 1709, 1712 (1969).

[2]     Both Franklin and the State seem to assume that this claim is the same as the *Boykin* claim Franklin pursued in the state courts, and we have no reason to challenge their assumption here.

failing to address these irregularities. While this petition was pending, Franklin filed another Rule 32 petition in an Alabama circuit court to assert his claim that the indictment was void under Alabama law. The district court stayed this proceeding while the state courts addressed the second Rule 32 petition. The circuit court refused to permit in forma pauperis filing, and the Alabama Court of Criminal Appeals affirmed because the second petition was time-barred, like the first. The district court then resumed the proceedings and, on recommendation from the magistrate judge, denied the petition on the grounds that the claims were procedurally defaulted, and that Franklin had failed to show either cause and prejudice or actual innocence to excuse his default.

In 1998, Franklin sought a certificate of probable cause to appeal (CPC), which the district court denied and this court granted. At the time, it was proper procedure in this circuit to apply the CPC rules developed under the old version of 28 U.S.C. § 2253 to all petitions (like Franklin's) filed before the April 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), regardless of when the petitioner sought to appeal. *See Tompkins v. Moore*, 193 F.3d 1327, 1330 (11th Cir. 1999). Since this court granted Franklin a CPC, however, the Supreme Court has decided that the AEDPA amendments to 28 U.S.C. § 2253 govern all

appeals perfected after AEDPA's effective date, regardless of the petition filing date. *See Slack v. McDaniel*, 120 S. Ct. 1595, 1600 (2000).

As this court has explained before, AEDPA amended 28 U.S.C § 2253 to relabel the order a "certificate of appealability" (COA) and to add a statutory standard for its issuance. *See Henry v. Department of Corrections*, 197 F.3d 1361, 1363-64 (11th Cir. 1999) (describing statutory history). Two important differences between a CPC and a COA cast doubt on the validity of the current CPC to permit Franklin's appeal to proceed. First, unlike a CPC, a COA "shall indicate which specific issue or issues" show "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3); *see Tompkins*, 193 F.3d at 1330 (noting that CPC did not necessarily specify issues). Second, to grant a COA on a procedural question — as would be appropriate here, since the district court denied Franklin's petition on procedural grounds — we must evaluate not only the merit of the procedural arguments, but also the merit of the underlying claims. If "jurists of reason" would not find it debatable both whether "the petition states a valid claim of the denial of a constitutional right" and whether "the district court was correct in its procedural ruling," then we may not grant a COA on a procedural issue. *See Slack*, 120 S. Ct. at 1600-01.

While these differences matter, the grant of a CPC rather than a COA here is not fatal to the appeal. By applying AEDPA's standards to this appeal and issuing a

proper COA (if warranted), this panel may "fix" the inadequacies of the present CPC. The CPC was issued by a single judge, and as a panel we may revisit the ruling. *See* Fed. R. App. P. 27(c); 11th Cir. R. 27-1(g). A past panel has indeed revisited a COA granted by a single judge in order to confirm that it complies with statutory standards. *See Henry*, 197 F.3d at 1363-64. And the Court in *Slack* remanded the case in part for the court of appeals to apply the appropriate standard, thus implying that defective leave to appeal neither dooms the appeal nor deprives the appellate courts of jurisdiction. *See Slack*, 120 S. Ct. at 1607. So we proceed to reevaluate the appeal under *Slack*.

Franklin's appeal presents two distinct procedural questions. The first is whether Franklin has procedurally defaulted his claim that the 1982 indictment was void because the foreperson of the grand jury did not sign it, and that the circuit court therefore lacked jurisdiction. Because this procedural question is not debatable among jurists of reason, we do not need to evaluate the merit of the claim here. Franklin presented this claim in state courts in a successive petition filed two years after his first state-court petition; he has offered no reason for not including the claim in his first state petition. Rather, he argues that the time-bar relied on by the Alabama courts

5

is not consistently applied — and thus not a procedural bar under federal law[3] —

because the defect in the indictment was jurisdictional, and under Alabama law

jurisdiction may be reviewed at any time. This argument is patently meritless because

its premise is wrong: the foreperson's failure to sign the indictment is not

jurisdictional under Alabama law. *See In re Goulden*, 299 So. 2d 325, 326 (Ala.

1974) ("The failure of the foreman of the grand jury to endorse the indictment as a

true bill did not deprive the circuit court of jurisdiction . . . ."). There is no reason,

therefore, to think that this defect under Alabama law is any less subject to Rule 32's

time bar than other claims. This claim is undisputably procedurally defaulted, and

Franklin is thus not entitled to a COA for us to consider the question of its procedural

default.

The *Slack* analysis yields a different result, however, for the second procedural

question. That question is whether the late filing of Franklin's first Rule 32 petition

bars Franklin's claims that he was denied due process because the trial court did not

inform him of the charges against him before he pleaded guilty, and that his counsel

was constitutionally ineffective in failing to object or inform him. *Slack*'s first prong

is satisfied here because at least one of the two claims affected by this procedural

---

[3]     *See Johnson v. Mississippi*, 486 U.S. 578, 589, 108 S. Ct. 1981, 1988 (1988).

6

question is of debatable merit — indeed, in this case the merits of both of the underlying claims are debatable among jurists of reason. Having no record of the 1982 proceedings, for the moment we take Franklin's allegations as true. If we believe the allegations, the first claim's merit is certainly debatable among jurists of reason: A guilty plea is not voluntary "in a constitutional sense" unless "the defendant received 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Henderson v. Morgan*, 426 U.S. 637, 645, 96 S. Ct. 2253, 2257-58 (1976) (quoting *Smith v. O'Grady*, 312 U.S. 329, 334, 61 S. Ct. 572, 574 (1941)). Reasonable jurists could debate as well whether Franklin's counsel was ineffective for permitting him to enter a guilty plea when he was not properly informed of the premises. *Cf. Finch v. Vaughn*, 67 F.3d 909, 916-17 (11th Cir. 1995). Under *Slack*, therefore, Franklin is entitled to a COA on the procedural default question relating to these claims if he can satisfy *Slack*'s second prong by showing that the procedural question itself is debatable among jurists of reason.

There is no dispute that the Alabama courts have held that Franklin has procedurally defaulted these claims under Alabama law. Rather, Franklin argues either that the state's ruling is not due any respect, or alternatively that he has cause and prejudice to excuse his default under *Coleman v. Thompson*, 501 U.S. 722, 750,

7

111 S. Ct. 2546, 2565 (1991). (The cause he points to is the pointlessness of challenging his 1982 convictions at any time before they were used to enhance his 1993 sentence.) The Seventh Circuit has accepted Franklin's first argument and concluded that a state rule requiring prisoners to challenge convictions soon after they are made, rather than when they are later used to enhance a sentence, cannot bar consideration of challenges to the old convictions under § 2254.[4] *See Tredway v. Farley*, 35 F.3d 288 (1994). The Fifth Circuit has rejected both of Franklin's arguments, both disagreeing with *Tredway* and holding that pointlessness is not sufficient cause to excuse a procedural default. *See Moore v. Roberts*, 83 F.3d 699, 704 (1996). Having reviewed these opinions, we think that these issues are debatable among jurists of reason, and Franklin is thus due a COA on them. These are issues of law, and our review is de novo. *See Kennedy v. Hopper*, 156 F.3d 1143, 1145 (11th Cir. 1998).

On the merits, we agree with the Fifth Circuit rather than the Seventh. *Tredway*'s holding completely ignores the pedestal of the entire procedural-default doctrine, which is respect for state procedural rules. *See Coleman*, 501 U.S. at 726,

---

[4]    The Seventh Circuit's reasoning is that federal courts may consider such "look through" challenges to prior convictions under § 2254, *see Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990), and that it would be unfair, given this jurisdiction, to allow the state to procedurally bar claims falling within it. *See Tredway*, 35 F.3d at 294.

8

111 S. Ct. at 2552 ("This is a case about federalism. It concerns the respect that federal courts owe the States and the States' procedural rules . . . ."). If that respect means anything, states must be able to direct defendants when to seek relief in the state system. The Seventh Circuit effectively tells petitioners that they need not comply with state procedural rules if the Seventh Circuit thinks they are not "fair," because the federal courts will consider the claims whether or not the states have had the opportunity to reach the claims' merits. Like the Fifth Circuit, therefore, we conclude that the "Supreme Court in *Coleman* intended the independent and adequate state ground doctrine to encompass all federal habeas cases including those in which a prisoner challenges a prior conviction that has subsequently been used to enhance a prisoner's sentence." *Moore*, 83 F.3d at 703 (internal quotation omitted). Alabama's conclusion that Franklin did not timely challenge his 1982 convictions is due respect; Franklin has procedurally defaulted the claims attacking his 1982 convictions.

We agree with the Fifth Circuit, moreover, that Franklin has not shown sufficient cause to excuse his default. A legally sufficient cause is one that arises from some objective external impediment to raising a claim properly in state court. *See Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). As the Fifth Circuit has put it, "The fact that [Franklin] was not interested in implementing a challenge until after

9

he had committed more crimes is not an objective, external factor that impeded his ability to raise these claims within [Alabama's] time period." *Moore*, 83 F.3d at 704.

Because Franklin's claims are procedurally defaulted and he has failed to show sufficient cause to excuse the default, the district court's denial of relief is affirmed.

AFFIRMED.