The appellant was convicted of two counts of attempted first- degree assault, for which he was sentenced to serve a term of ten years in prison; one count of first-degree assault, for which he was sentenced to serve a term of twenty years in prison; four counts of discharging a firearm into an occupied vehicle, for which he was sentenced to serve a term of ten years in prison; and four counts of reckless endangerment, for which he was sentenced to serve a term of six months in the county jail, but for which his sentence was suspended and he was placed on probation for one year. We dismissed his appeal because he had not made proper financial arrangements, and we issued a certificate of judgment on September 5, 1996. On September 10, 1999, the appellant filed a Rule 32 petition, asserting that he had not appealed his convictions through no fault of his own. The circuit court granted the petition and ordered that the appellant be allowed to file an out-of-time appeal. Thus, this appeal followed.
The State argues that the circuit court did not have jurisdiction to grant the appellant leave to file an out-of-time appeal because the appellant did not timely file his Rule 32 petition. Rule 32.1, Ala.R.Crim.P., provides, in pertinent part:
 "Subject to the limitations of Rule 32.2, any defendant who has been convicted of a criminal offense may institute a proceeding in the court of original conviction to secure appropriate relief on the ground that:
". . . .
 "(f) The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part."
(Emphasis added.) Rule 32.2(c), Ala.R.Crim.P., provides, in pertinent part:
 "[T]he court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A. R. App. P. . . ."
(Emphasis added.) The State did not file a motion to dismiss asserting that the limitations period applied. However, in Siebert v. State,778 So.2d 842, 847 (Ala.Crim.App. 1999), cert. denied,778 So.2d 857 (Ala. 2000), we stated:
 "Siebert argues on appeal that his petition should not be barred by the two-year limitations period in Rule 32.2(c) for the following reasons:
". . . .
 "2. The State waived this affirmative defense by failing to raise it in its first responsive pleading.
". . . .
 "Claim 2, asserting that Rule 32.2(c) must be raised as an affirmative defense in the first responsive pleading or it is waived, is without merit. . . .
". . . .
 ". . . [N]otwithstanding the requirement of Rule 32.3 that the State `shall have the burden of pleading any ground of preclusion,' this court has repeatedly stated that `[w]here a simple reading of a petition for post-conviction relief shows that, assuming the allegations of the petition to be true, it is obviously *Page 137 
without merit or is precluded, the trial court may summarily dismiss the petition without requiring any response from the state.' Burton v. State, 728 So.2d 1142, 1148 (Ala.Cr.App. 1998) (citing Bishop v. State, 608 So.2d 345 (Ala. 1992), and Patty v. State, 652 So.2d 337 (Ala.Cr.App. 1994)) (emphasis added). Thus, the trial court could have dismissed the petition on procedural grounds even without any response from the State."
Rule 32.2(c), Ala.R.Crim.P., establishes a limitations period for filing a petition for post-conviction relief on the grounds specified in Rule 32.1(a) and (f), Ala.R.Crim.P., and its language is mandatory. See Hugh Maddox, Alabama Rules of Criminal Procedure § 32.2 (3d ed. 1999). "The statute of limitations is a jurisdictional matter." Hines v.State, 516 So.2d 937, 938 (Ala.Crim.App. 1987). See also Ex parteCampbell, 784 So.2d 323 (Ala. 2000); Hunt v. State,642 So.2d 999 (Ala.Crim.App. 1993), aff'd, 642 So.2d 1060
(Ala. 1994). Therefore, the failure to file a Rule 32 petition within the two-year limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it. Any previous holdings to the contrary are hereby expressly overruled. See, e.g., Howard v. State, 616 So.2d 398 (Ala.Crim.App. 1993).
In this case, the appellant filed his Rule 32 petition more than two years after this court issued a certificate of judgment. Therefore, his petition was not timely, and the circuit court did not have jurisdiction to grant him relief pursuant to Rule 32.1(f), Ala.R.Crim.P. Accordingly, we dismiss this appeal.
APPEAL DISMISSED.
Long, P.J., and McMillan, Cobb, and Fry, JJ., concur. *Page 792