[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 03-11471

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 16, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 99-03372-CV-TMP-S

ALONZO HURTH,

Petitioner-Appellant,

versus

BILLY MITCHEM, Warden,
ATTORNEY GENERAL FOR THE STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(February 16, 2005)**

Before DUBINA, CARNES and CUDAHY[*], Circuit Judges.

CARNES, Circuit Judge:

In order to serve as the basis for a procedural bar in federal habeas proceedings, a state rule must be firmly established and regularly followed. Hill v. Jones, 81 F.3d 1015, 1023 (11th Cir. 1996); Cochran v. Herring, 43 F.3d 1404, 1408, modified on reh'g, 61 F.3d 20 (11th Cir. 1995); see also Lee v. Kemna, 534 U.S. 362, 376, 122 S. Ct. 877, 885 (2002). This appeal presents us with the question of whether the only state procedural rules that meet those requirements are jurisdictional ones.

A rule is jurisdictional if the petitioner's non-compliance with it actually divests the state courts of power and authority to decide the underlying claim, instead of merely offering the respondent an opportunity to assert a procedural defense which may be waived if not raised. See, e.g., Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003) ("Under [Alabama law], 'the failure to file a[n Alabama] Rule 32 petition within the two-year limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the state to assert it.'") (quoting Williams v. State, 783 So. 2d 135, 137 (Ala. Crim. App.

[*] Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

2

2000); see also id. at 1025–26 n.8 (distinguishing "[a] court's discretionary authority to dismiss an untimely petition" from "a jurisdictional rule requiring a court to dismiss untimely petitions whenever their untimeliness may be noticed").

We have conflicting prior panel precedent on the question of whether state procedural rules must be jurisdictional in nature in order to be firmly established and regularly followed for federal habeas procedural bar purposes. Before addressing that intra-circuit conflict, we will set out the pertinent procedural history of the present case.

## I.

In 1994 Alonzo Hurth was tried and convicted in the Alabama courts of robbery in the first degree. Because he was a habitual offender, Hurth was sentenced to life imprisonment without parole. Hurth v. State, 688 So. 2d 275, 276 (Ala. Crim. App. 1995), overruled by Morgan v. State, 733 So. 2d 940 (Ala. Crim. App. 1999). On direct appeal the Court of Criminal Appeals remanded the case to the trial court for further proceedings relating to the sentence. Id. at 276–77.

On remand the trial court re-imposed the same sentence, and on return of the case from remand that sentence as well as the conviction were affirmed by the Court of Criminal Appeals. Id. at 277 n.* (subsequent history note by Reporter of

3

Decisions).  That appellate court also denied Hurth's request for a rehearing, id.,

and following the Alabama Supreme Court's denial of his petition for a writ of

certiorari, id., it issued a certificate of judgment in the case on December 20, 1996.

On February 5, 1999, which was more that two years after issuance of the

certificate of judgment, Hurth filed the Ala. R. Crim. P. 32 collateral petition that

would lead to this case.  In that petition he raised the ineffective assistance of

counsel claims that he would later assert in this federal habeas proceeding.  The

state trial court did not address the merits of any of the claims raised in Hurth's

Rule 32 petition.  Instead, the court dismissed the petition as untimely under the

two-year statute of limitations in Rule 32.2(c).  That provision specifies that:

"[T]he court shall not entertain any petition for relief from a conviction [on

specified grounds, including federal constitutional violations] unless the petition is

filed . . . within two (2) years after the issuance of the certificate of judgment by

the Court of Criminal Appeals."  Ala. R. Crim. P. 32.2(c) (2002) (amended to

lower the period in which a petition may be filed from two years to one year on

March 22, 2002, effective August 1, 2002).

The Court of Criminal Appeals affirmed the trial court ruling, and in doing

so held that:  "Because Hurth's petition was barred from review by the two-year

limitation period provided in Rule 32.2(c), the trial court was authorized to

dismiss the petition without an evidentiary hearing, and without requiring a response from the state."

Hurth then filed this 28 U.S.C. § 2254 petition raising the same ineffective assistance of counsel claims he had asserted in his Rule 32 proceeding in state court. The magistrate judge issued a report and recommendation that the petition be denied; it was based on the claim being procedurally barred as a result of Hurth's failure to file his Rule 32 petition in state court within the two-year statute of limitations contained in Ala. R. Crim. P. 32.2(c). Over Hurth's objections the district court adopted the report and recommendation, and denied the petition for federal habeas relief.

After Hurth appealed, this Court issued a certificate of appealability on the following issue: "Whether the district court erred in dismissing the claims in appellant's federal habeas corpus petition, 28 U.S.C. § 2254, as procedurally defaulted when it is arguable among jurists of reason that the state's rationale for failing to reach the merits of appellant's claims was not consistently applied."

## II.

Hurth stakes his position that the statute of limitations provision contained in Alabama's Rule 32.2(c) is not firmly established and regularly followed—or consistently applied, as the question is phrased in the certificate of appealability

that he was granted—solely upon this Court's prior decision in <u>Moore v. Campbell</u>, 344 F.3d 1313 (11th Cir. 2003) (per curiam). In that case, the State of Alabama had failed to plead the Rule 32.2(c) statute of limitations in the state collateral proceeding, <u>id.</u> at 1320, and the trial court had denied the claims on the merits, <u>id.</u> at 1317. The Court of Criminal Appeals had affirmed, but on the ground that Moore's state collateral petition was time-barred because it had not been brought within Rule 32.2(c)'s two-year limitations period. <u>Id.</u> at 1317–18.

The federal district court in the <u>Moore</u> case denied habeas relief, reasoning that Moore's claims were without merit. At the same time, it rejected the State of Alabama's alternative argument that the claims were also procedurally barred because of Moore's failure to comply with the two-year statute of limitations in Alabama's Rule 32.2(c). <u>Id.</u> at 1318–19. Moore appealed the district court's denial of his petition, and the State cross-appealed the district court's ruling rejecting the procedural bar defense. <u>Id.</u> at 1319.

This Court affirmed the district court's denial of Moore's federal habeas petition, agreeing with the district court both that the claims were not procedurally barred and that they lacked merit. In the course of rejecting the State of Alabama's procedural bar argument based on the Rule 32.2(c) statute of limitations, this Court recognized that failure to comply with a state court

procedural rule does bar federal habeas review of claims "if the state procedural ruling rests upon an 'independent and adequate' state ground." Id. at 1320. As we added, however, "[o]nly rules that are 'firmly established and regularly followed' qualify as adequate state grounds for precluding substantive review of federal claims." Id. So far, so good.

The problem is that this Court then erroneously concluded that Alabama's Rule 32.2(c) was not firmly established and regularly followed when Moore filed his state collateral petition more than two years after the 1989 issuance of the certificate of judgment in his direct appeal. Id. How this Court went astray in its reasoning is apparent from the explanation it gave. That explanation in its entirety consists of the following two sentences:

> This Court in Siebert v. Campbell, 334 F.3d 1018 (11th Cir. 2003), concluded that, before the Alabama Supreme Court's decision in Williams v. State, 783 So. 2d 135, 137 (Ala. Crim. App. 2000), the jurisdictional character of Alabama Rule of Criminal Procedure 32.2(c) was not firmly established and not regularly followed. Because the jurisdictional rule in Williams was rendered well after the Alabama courts ruled on Moore's Rule 32 petition in 1998 and 1999, the district court properly concluded that Moore's claims were not procedurally barred.

Id. If Moore's error is not apparent from that passage alone, it becomes apparent after close examination of the Siebert decision, which is the only authority Moore

7

cited for the proposition that a state rule is firmly established and regularly followed only if it is jurisdictional in nature.

That proposition is not supported by Siebert. This Court did not decide in Siebert that Alabama's Rule 32.2(c) statute of limitations provision was not firmly established and regularly followed for purposes of determining whether a petitioner's failure to abide by it would support a procedural bar to federal habeas relief. The Siebert case did not present that issue; it did not even involve the procedural bar doctrine. Instead, it involved the question of whether that petitioner had complied with the one-year statute of limitations on filing federal habeas petitions that is contained in 28 U.S.C. § 2244(d)(1). Siebert, 334 F.3d at 1021–22. More specifically, the issue in the Siebert case was whether the one-year period for filing in federal court had been tolled while the state collateral petition was pending in the Alabama courts. Id. It was all a matter of federal statutory interpretation.

The federal statute being interpreted in Siebert provided that "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending would not count toward the running of the federal period of limitations. 28 U.S.C. § 2244(d)(2). Because the petitioner had not filed his state collateral petition within the time required by Alabama's Rule 32.2(c), the

respondent argued that the state petition had not been "properly filed" within the meaning of § 2244(d)(2). As a result, the argument went, there could be no tolling of the federal statute of limitations for filing federal habeas petitions. Siebert, 334 F.3d at 1020, 1022. Only in that context did Alabama's Rule 32.2(c) come up in the Siebert case. This Court held in Siebert that in order for a state collateral petition in Alabama to have been "properly filed" for §2244(d)(1) tolling purposes, it is not necessary for that petition to have met the state's own statute of limitations, unless that statute of limitations is jurisdictional in nature. See id. at 1032.

The Siebert Court then concluded that Rule 32.2(c) was jurisdictional, but only from the date of the decision in Williams v. State, 783 So. 2d 135, 137 (Ala. Crim. App. 2000), forward. In Williams the Alabama appellate court had held "that the Rule 32 statute of limitations is a jurisdictional bar that may be noticed at any stage of proceedings and always requires dismissal." Siebert, 334 F.3d at 1025. The Siebert court decided, however, that Rule 32.2(c) had not been jurisdictional in nature before the Williams decision was announced. Id. at 1026–27. Because the Williams decision came out too late to apply to petitioner Siebert's own case, the Court held that he had "properly filed" his state collateral petition for § 2244(d)(2) purposes even though it was untimely under Rule

9

32.2(c).  Id. at 1032.  It is critically important to note, however, that in Siebert we held nothing and said nothing about whether Alabama's Rule 32.2(c) had been firmly established and regularly followed for federal habeas procedural bar purposes.  That was simply not the issue.

The mistake this Court made in the Moore case was to take the jurisdictional criterion from Siebert's holding about when a state procedural rule is cognizable for § 2244(d)(2) "properly filed" purposes, and insert it into the different context of whether the violation of a state procedural rule is cognizable in federal habeas proceedings.  See Moore, 344 F.3d at 1320–21.  The purpose and functioning of the "properly filed" requirement of § 2244(d)(2) is different from that of the procedural bar doctrine.  Artuz  v. Bennett, 531 U.S. 4, 9, 121 S. Ct. 361, 364 (2000) ("[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar."); see also Estes v. Chapman, 382 F.3d 1237, 1239 (11th Cir. 2004) (discussing Artuz); Wade v. Battle, 379 F.3d 1254, 1259–60 (11th Cir. 2004) (quoting Artuz).

Following the Artuz distinction between "proper filing" and "procedural bar," we said in Siebert of Alabama's Rule 32.2(c) before Williams made it jurisdictional, that although the "enforcement of the limitations period was

10

committed to the circuit court's discretion . . . Siebert . . . could not demand that he be exempted from the time bar's application." Siebert, 334 F.3d at 1029. We also said that "compliance with Rule 32.2(c)'s two-year deadline should be regarded as a condition to obtaining relief rather than a condition to filing." Id. at 1030. This means that the jurisdictional nature criterion applies in the "properly filed" context of § 2244(d)(2) but not in the procedural bar context. The criterion in the procedural bar context is whether the rule is firmly established and regularly applied, not whether it is jurisdictional in nature. See, e.g., Hill, 81 F.3d at 1023. Nowhere in Siebert did we hold, state, or imply that Rule 32.2(c) was not firmly established and regularly followed (as a non-jurisdictional rule) by the Alabama courts before Williams.

Siebert's holding is consistent with the Supreme Court's decision and opinion in Artuz about what "properly filed" in § 2244(d)(2) means, but Moore's holding is not consistent with our previous decisions about what "firmly established and regularly followed" means for procedural bar purposes. That lack of consistency is important because, under our prior panel precedent rule, consistency with earlier decisions is everything. While we are not permitted to reach a result contrary to a prior panel's decision merely because we are convinced it is wrong, Smith v. GTE Corp., 236 F.3d 1292, 1301–03 (11th Cir. 2001), United

11

States v. Steele, 147 F.3d 1316, 1317–18 (11th Cir. 1998), we must reach a contrary result where the prior panel decision is itself inconsistent with earlier ones. This is but another way of saying that where two or more decisions of this Court are inconsistent, we follow the earliest one. United States v. Hornaday, 392 F.3d 1306, 1316 (11th Cir. 2004); Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000).

In comparing the prior precedent to the Moore decision, we keep in mind Moore's exact holding: the failure of a petitioner to comply with Alabama's Rule 32.2(c) is not to be applied as a procedural bar in federal habeas proceedings where that failure occurred before the rule was made jurisdictional by the Alabama courts in Williams, which was issued on October 27, 2000. Moore, 344 F.3d at 1320. The Moore opinion was itself issued on September 15, 2003. Id. at 1313. What is relevant, then, is any decision of this Court issued before September 15, 2003 that decides whether a claim is procedurally barred from federal habeas review where the petitioner failed to comply with Alabama's Rule 32.2(c) and that failure to comply occurred before October 27, 2000. There are several decisions meeting that description. They establish that Moore failed to follow established circuit law.

Our pre-Moore decisions, which are also pre-Siebert, hold that Alabama's Rule 32.2(c) statute of limitations is firmly established and regularly followed in the courts of that state. The most recent decision on point before Moore is Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000) (per curiam). The Alabama Court of Criminal Appeals had affirmed the denial of Franklin's Rule 32 petition because he had not filed it within the two-year statute of limitations. When Franklin later sought federal habeas relief, the district court denied relief on the ground that Franklin's claims were procedurally defaulted because his attempt to raise them in state court had run afoul of Alabama's Rule 32.2(c). Id. at 1198.

In affirming the district court's denial of relief in Franklin, we rejected the petitioner's argument "that the time-bar relied on by the Alabama courts is not consistently applied—and thus not a procedural bar under federal law." Id. at 1199. Our holding in Franklin that Rule 32.2(c) was consistently applied and would support a procedural bar, id. at 1199–1201, came two years before the Moore decision. It also came before the Alabama decision in Williams made Rule 32.2(c) jurisdictional in nature. Therefore, the rule of Franklin is that a failure to comply with Alabama's statute of limitations on the filing of collateral proceedings supports a procedural bar in federal habeas even though Rule 32.2(c) was not considered jurisdictional at the time of the default. Otherwise, we would

13

not have affirmed the district court's application of the procedural bar to Franklin's claims.

In Bailey v. Nagle, 172 F.3d 1299, 1305–06 (11th Cir. 1999) (per curiam), decided four-and-a-half years before Moore, we held that various claims in a § 2254 petition were procedurally defaulted in part because the claims would have been barred in the state courts of Alabama because of the Rule 32.2(c) statute of limitations. In Kennedy v. Herring, 54 F.3d 678, 684 & n.3 (11th Cir. 1995), decided eight years before Moore, we held that a federal habeas petitioner's ineffective assistance claim was procedurally barred for two reasons. One of those reasons was that the claim had not been timely brought in state court given the two-year statute of limitations then contained in Alabama's Temporary Rule of Criminal Procedure 20.2(c), id. at 684 n.3, which was the predecessor to Rule 32.2(c). Both the Bailey and the Kennedy decisions preceded the Moore decision by years. They also preceded Williams, which means they came before Rule 32.2(c) was regarded as having any jurisdictional significance. Both Bailey and Kennedy would have come out differently on the Rule 32.2(c) procedural bar issue had the Moore rule been applied in them. Moore is inconsistent with those two earlier decisions.

Moore is also inconsistent with Gordon v. Nagle, 19 F.3d 640, 641 (11th Cir. 1994), a decision that preceded it by nearly a decade. In the Gordon case we held that a federal habeas claim was procedurally barred because of the petitioner's pre-Williams failure to comply with Alabama's Rule 32.2(c). Id. at 641. It is impossible to reconcile our Gordon decision with Moore's later holding that only procedural bars that divest state courts of jurisdiction to decide defaulted claims can be enforced in federal habeas proceedings.

We recognize that Esslinger v. Davis, 44 F.3d 1515, 1525–26 (11th Cir. 1995), concluded that Alabama Temporary Rule 20(c), the earlier version of Rule 32.2(c), would not support a procedural bar in a federal habeas proceeding where the state had expressly waived in state court the defense that the petitioner had failed to file his petition within the two-year limitations period. We explained that where the state had waived the state court rule "invoking the bar would serve no important federal interest." Id. The Esslinger decision has no bearing here because the state has never waived its Rule 32.2(c) defense in this case. Any attempt to extend Esslinger beyond the waiver facts of that case would run afoul of our earlier decisions which are binding precedent and which enforce Rule 32.2(c) where the state has not waived it.

Our holdings enforcing Alabama's Rule 32.2(c) statute of limitations as a procedural bar in federal habeas proceedings, even when the default occurred before that rule was transformed into a jurisdictional one by the <u>Williams</u> decision in 2000, cover a period of a half dozen years. They begin with the <u>Gordon</u> decision in 1994 and run through the <u>Franklin</u> decision in 2000, with the <u>Kennedy</u> (1995) and <u>Bailey</u> (1999) decisions in between. Each of those four decisions, when read against the prior precedent rule, prevents us from following <u>Moore</u>'s later holding that the enforceability of Rule 32.2(c) in federal habeas proceedings depends on that rule being jurisdictional in nature at the time of the default. It does not.

## III.

The sole basis that Hurth has put forward to support his contention that Alabama's Rule 32.2(c) was not firmly established and regularly followed is that, at the time he failed to comply with it, that rule was not jurisdictional in nature. Having rejected Hurth's proposition that the violation of a rule must actually divest the state courts of jurisdiction to decide a claim before the rule will be respected in federal habeas proceedings, we reject his contention that his failure to comply with Rule 32.2(c) did not procedurally bar his ineffective assistance claim.

16

It did. The district court's judgment denying and dismissing Hurth's federal habeas petition is AFFIRMED.