[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16646

_____

D. C. Docket No. 01-01097-CV-WHA-VPM

DANIEL SIEBERT,

Petitioner-Appellant,

versus

RICHARD F. ALLEN,
Commissioner, Alabama Department
of Corrections,
CHARLIE E. JONES, Warden,
TROY KING,
The Attorney General of the
State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(July 13, 2006)

Before TJOFLAT, BARKETT, and WILSON, Circuit Judges.

BARKETT, Circuit Judge.

Daniel Siebert appeals the district court's dismissal of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. On appeal, Siebert argues that the district court erred by dismissing his petition on the ground that his claims were procedurally defaulted. He further argues that even if his claims were procedurally defaulted, he demonstrated cause and prejudice sufficient to overcome the default.

In 1987, Siebert was convicted of killing Sherri, Joseph, and Chad Weathers and sentenced to death by electrocution. His conviction and sentence were upheld on direct appeal. See Siebert v. State, 555 So. 2d 772 (Ala. Crim. App. 1989), aff'd, Ex parte Siebert, 555 So. 2d 780 (Ala. 1989). Siebert filed a petition for relief from his conviction and death sentence under Ala. R. Crim. P. 32 in 1992. A two year statute of limitations governed the filing of Rule 32 petitions from the time the Alabama Court of Criminal Appeal issued a certificate of final judgment. Siebert's petition was filed more than two years after the Alabama Court of Criminal Appeals issued a certificate of final judgment, and it was ultimately denied on the grounds that it was barred by Alabama's statute of limitations. Siebert v. State, 778 So. 2d 842 (Ala. Crim. App. 1999), cert. denied, 778 So. 2d 857 (Ala. 2000).

Siebert then filed a federal habeas corpus petition under 28 U.S.C. § 2254 in September 2001 claiming that his federal constitutional rights were violated by,

2

among other things, his counsel's failure to investigate and present mitigating evidence. The State of Alabama moved to dismiss, arguing that consideration of the petition was barred by the one year statute of limitations in 28 U.S.C. § 2244(d). Siebert responded that the statute of limitations had been tolled pursuant to § 2244(d)(2)[1] until the Alabama courts disposed of his Alabama Rule 32 petition and, thus, his federal habeas corpus petition was timely. The district court agreed with Alabama and summarily dismissed Siebert's habeas petition, finding that his Rule 32 petition, which had been filed outside of Alabama's two year statute of limitation, had accordingly not been "properly filed," and therefore did not toll the federal statute of limitations for §2254 purposes. Siebert v. Haley, 193 F. Supp. 2d 1260, 1272 (M.D. Ala. 2002).

This Court, however, reversed, holding that in the context of § 2244(d)(2)'s tolling provision, "a rule governing filings must be 'firmly established and regularly followed' before noncompliance will render a petition improperly filed for the purposes of AEDPA's tolling provision," and that Alabama's Rule 32.2(c) did not meet that requirement. Siebert v. Campbell, 334 F.3d 1018, 1025 (11th Cir. 2003) ("Siebert I"). Thus, because the time had been tolled until the Alabama

---

[1] 28 U.S.C. § 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Courts <u>ruled</u> on his Rule 32 petition, the federal petition was not barred from consideration by AEDPA's statute of limitations, and the matter was remanded to the district court.

On remand, the district court, after considering the petition, ruled that all of Siebert's claims were procedurally defaulted under the authority of <u>Hurth v. Mitchem</u>, 400 F.3d 857 (11th Cir. 2005), because the state post-conviction petition had not been timely filed. The district court also held that Siebert was unable to demonstrate "cause" to excuse his procedural default. Accordingly, the court denied the petition. Siebert now appeals.[2] We affirm because the district court correctly determined that relief is barred by <u>Hurth</u>.

Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. <u>Wainwright v. Sykes</u>, 433 U.S. 72, 85-86 (1977). When a state court correctly applies a procedural default principle of state law, federal courts must abide by the state court decision, <u>Harmon v. Barton</u>, 894 F.2d 1268, 1270 (11th Cir. 1990), but only if the state procedural rule is regularly followed, <u>Ford v. Georgia</u>, 498 U.S. 411, 424 (1991). In <u>Hurth</u>, this Court

---

[2] We review the district court's dismissal of a petition for writ of habeas corpus de novo. <u>Drew v. Dep't of Corrs.</u>, 297 F.3d 1278, 1283 (11th Cir. 2002). The district court's factual determinations will be reversed only if they are clearly erroneous. <u>Dorsey v. Chapman</u>, 262 F.3d 1181, 1185 (11th Cir. 2001).

specifically held that the Alabama statute of limitation in Rule 32 is firmly established and regularly followed for purposes of applying the doctrine of procedural default. 400 F.3d at 863. Thus, while Siebert I held that Alabama's Rule 32 tolled the time for the filing of Siebert's federal habeas petition under the tolling provision of § 2244(d), Hurth explicitly held that Alabama's Rule 32 was sufficiently firmly established and regularly followed to warrant a procedural default. Id. Siebert here argues that we are not bound by Hurth's holding because the issue in that case was not whether Rule 32 was consistently applied in the Alabama state courts to the extent necessary to constitute a procedural bar, but only whether the fact that Rule 32 was not jurisdictional in nature meant that it was not firmly established and regularly followed. We cannot agree.

The certificate of appealability granted in Hurth was explicitly granted to decide the issue of whether Rule 32 was consistently applied in the Alabama state courts to the extent necessary to constitute a procedural bar. Id. at 860 ("Whether the district court erred in dismissing the claims in appellant's federal habeas corpus petition . . . as procedurally defaulted when it is arguable among jurists of reason that the state's rationale for failing to reach the merits of appellant's claims was not consistently applied."). Hurth answered this question affirmatively. Id. at 862-63.

Furthermore, Hurth rejected as "error" the precedent of Moore v. Campbell,

5

344 F.3d 1313 (11th Cir. 2003), relied on by the petitioner there for the proposition that Alabama's time bar rule was inconsistently applied because it had not been jurisdictional in nature prior to Williams v. State, 783 So. 2d 135 (Ala. Crim. App. 2000).  See Hurth, 400 F.3d at 861 (noting that Moore had incorrectly taken the "jurisdictional criterion from [Siebert I]'s holding" and applied it "into the different context" of deciding whether a state procedural rule was independent and adequate).  In fact, Hurth concluded – after reviewing the relevant Alabama case law – that Rule 32 was firmly established and regularly followed even before Alabama courts had considered the time bar to be jurisdictional.  Id. at 862-4.  The district court correctly determined that Hurth is binding precedent, and that Siebert's claims are procedurally defaulted.[3]

Siebert also argues that, even if his claims are procedurally defaulted, he satisfied an equitable exception to the procedural bar doctrine by showing cause and prejudice for the default.  Specifically, Siebert argues that he did not personally receive notice of the time that his state postconviction limitations period began to run, and therefore could not comply with Alabama's procedural

---

[3] Additionally, one of Siebert's claims, relating to the failure of his counsel to present facts that were "critical to a reasoned understanding" of Siebert's background, was not raised in Siebert's Rule 32 petition and is therefore procedurally defaulted for that reason.  See Harmon v. Barton, 894 F.2d 1268, 1270 (11th Cir. 1990) ("[A] state habeas corpus petitioner who fails to raise his federal constitutional claim in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default.").

requirements. His argument lacks merit.

The existence of sufficient "cause" to justify a procedural default ordinarily turns on whether the prisoner can show that some "objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Here, Siebert's argument is that the certificate of judgment issued by the Court of Criminal Appeals "was sent to the Lee County Circuit Court clerk" but not to him personally. Alabama Rule of Appellate Procedure 17 obligates the clerk of the Court of Criminal Appeals to send notice of any order entered in a case to the party's counsel if the party is represented by counsel.[4] Nothing in this case indicates that state procedural rules, or any external objective factor, impeded Siebert's lawyer from complying with the State procedural rule.

The evidence in the record reflects that the certificate of judgment was timely issued. Siebert, who was represented by counsel, does not present any evidence that his counsel did not receive the certificate of judgment or that the clerk of court failed to comply with the Alabama Rules of Appellate Procedure.

---

[4] Ala. R. App. P. 17 provides, in pertinent part, as follows:
(a) Notice of Orders. Immediately upon the entry of an order the clerk shall serve a notice of its entry by mail upon each party to the proceeding together with a copy of any opinion respecting the order, and shall make a note in the docket of the mailing. Service on a party represented by counsel shall be made on counsel.

7

Accordingly, he has not made the requisite showing to prove "cause" sufficient to justify a procedural default.

**AFFIRMED**