[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12014
Non-Argument Calendar

_____

D. C. Docket No. 03-00140-CV-5-MMP-EMT

MILTON R. MURRAH,

Petitioner-Appellant,

versus

JAMES R. MCDONOUGH,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(November 29, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Florida prisoner Milton Murrah appeals the denial of his habeas corpus petition, 28 U.S.C. § 2254. The district court granted a certificate of appealability (COA) on the issue "of the trustworthiness and effect of the alleged videotaped witness recantation." Although somewhat unclear, we construe this COA as being limited to the issue of whether Murrah has a claim of actual innocence that is cognizable under federal habeas law and, if so, whether the district court erred in declining to hold an evidentiary hearing on this claim.

Murrah contends he demonstrated a factual claim of actual innocence requiring, at a minimum, a federal evidentiary hearing under *Schlup v. Delo*, 115 S. Ct. 851 (1995). Murrah also asserts the district court's refusal to hold an evidentiary hearing on his actual innocence claim violated *Townsend v. Sain*, 83 S. Ct. 745 (1963).[1]

We review a district court's denial of a petition for writ of habeas corpus *de novo*. *Siebert v. Allen*, 455 F.3d 1269, 1271 n.2 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1823 (2007) (involving a dismissal of a habeas petition). A district

---

[1] Murrah asserts he has raised constitutional claims independent of his actual innocence claim, specifically, that the state court violated his due process and equal protection rights by failing to hold an evidentiary hearing on his claim of actual innocence based on newly discovered evidence. We do not address this claim, however, because we conclude the argument is outside of the scope of the COA. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding appellate review is limited to the issue or issues presented in the COA).

court's "factual determinations will be reversed only if they are clearly erroneous." *Id.*

The "decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 127 S. Ct. 1933, 1939 (2007). Nevertheless, a district court should hold an evidentiary hearing if there are disputed facts with respect to the petitioner's habeas claim, and the petitioner did not receive a full and fair hearing before a state court, either at trial or in a collateral proceeding. *Townsend*, 83 S. Ct. at 756, *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 112 S. Ct. 1715 (1992), *superceded by* 28 U.S.C. § 2254(e)(2). However, "[w]here a complete record, fully developed in state court proceedings, is sufficient for proper examination of the claims on federal collateral review, there is no need for an evidentiary hearing in federal court." *Tukes v. Dugger*, 911 F.2d 508, 516 n.12 (11th Cir. 1990).

The record was adequately developed to demonstrate that Murrah could not maintain, much less prevail on, a freestanding actual innocence claim, and the district court was not required to hold an evidentiary hearing. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 113 S.

3

Ct. 853, 860 (1993). Thus, Murrah's freestanding actual innocence claim is not cognizable under federal habeas law. Further, as the State correctly argues, *Schlup* is inapplicable because Murrah did not assert a cognizable independent constitutional claim.[2] *See Schlup*, 115 S. Ct. at 861 (quoting *Herrera*, 113 S. Ct. at 862) (stating where a petitioner asserts an actual innocence claim as well as an independent constitutional violation, the "claim of innocence is . . . 'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" ).

Moreover, even assuming *arguendo* that Murrah presented a cognizable actual innocence claim, the state court's decision was not "contrary to" or an "unreasonable application of" clearly established federal law. *See* 28 U.S.C. § 2254(d)(1) (stating where a state court has adjudicated the merits of a claim raised in a § 2254 petition, a petition cannot be granted with respect to that claim unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ."). The state court's

---

[2] Before the district court, Murrah asserted independent constitutional claims based upon *Giglio v. United States*, 92 S. Ct. 763 (1972), and *Brady v. Maryland*, 83 S. Ct. 1194 (1963). However, we do not consider the merits of these claims because they are outside of the scope of the COA, and, in any event, Murrah has abandoned these claims by failing to present any formal argument on the claims in his liberally construed *pro se* appellate brief. *See Dalrymple v. United States*, 460 F.3d 1318, 1327 n.1 (11th Cir. 2006) (deeming abandoned a claim not raised in an appellant's initial brief).

4

decision was not "contrary to" clearly established federal law because, even though the court did not cite to any federal law, it discounted the videotape recantations after finding the credibility of the recantations to be questionable, and the law of this Circuit is that recantations should be viewed with "extreme suspicion." *See United States v. Santiago*, 837 F.2d 1545, 1550 (11th Cir. 1988). Nor was the state court's decision an "unreasonable application of" clearly established federal law, because the state court reasonably discounted the videotaped recantation as not credible, in light of the evidence that: (1) the alleged victims were not placed under oath before recanting their earlier trial testimony; (2) a family friend conducted the interview; (3) other members of Murrah's family were present during the interview; (4) the interview contained very suggestive and leading questions; (5) the interviewer was very sympathetic to Murrah; and (6) the tape was stopped during the recording on at least two occasions.

Accordingly, we affirm the denial of Murrah's § 2254 petition.

**AFFIRMED.**