[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 07-14374
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 21, 2008
THOMAS K. KAHN
CLERK

D.C. Docket  No. 06-00571-CV-BE-NE

CHARLES LAWHON JUSTO, JR.,

                                        Petitioner-Appellant,

                    versus

GRANTT CULLIVER,
ATTORNEY GENERAL OF THE STATE
OF ALABAMA,

                                        Respondents-Appellees.

------------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Alabama
------------------------------------------------------------------

**(August 21, 2008)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Charles Lawhon Justo, Jr., an Alabama state prisoner proceeding pro se, appeals the district court's dismissal of his petition for writ of habeas corpus, 28 U.S.C. § 2254, as untimely. No reversible error has been shown; we affirm.

Justo filed the instant petition challenging the constitutional validity of a 1988 state conviction for theft in the second degree no earlier than March 2006. Justo pleaded guilty to the charge, was sentenced to two years in prison and filed no appeal. Some sixteen years later, in September 2004, Justo sought post-conviction relief under Alabama Rule of Criminal Procedure 32, claiming that the conviction was void because he never was indicted. After the state filed a copy of the indictment, Justo's Rule 32 argument that the trial court had no jurisdiction to enter judgment and sentence him was rejected by the state circuit court. Justo filed a Motion to Alter, Amend, or Vacate Judgment in which he challenged the authenticity of the indictment based on, among other things, the lack of a grand jury foreman's signature; he appealed the denial of his Rule 32 petition based on the trial court's failure to hold an evidentiary hearing and on issues about whether an indictment had been returned against him. The Alabama Court of Criminal Appeals determined the indictment against Justo was valid under state law: Justo's claims "either lacked merit or were precluded from review." An application for

2

rehearing was denied; the Alabama Supreme Court denied a petition for writ of certiorari. Justo presently is serving a separate sentence of life without the possibility of parole.[*]

The district court concluded that Justo's habeas petition was time-barred under 28 U.S.C. § 2244(d)(1): Justo's federal habeas petition was filed almost ten years after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Moore v. Campbell, 344 F.3d 1313, 1319 (11th Cir. 2003) (petitioner whose conviction became final before AEDPA enacted has one year from after AEDPA'S effective date to file federal habeas petition). The state post-conviction challenge was filed long after the AEDPA period expired; it could not serve to toll section 2244(d)'s statute of limitations. The district court also concluded that binding authority of this court rendered meritless Justo's argument that the absence of a foreperson's signature on the Alabama indictment deprived the state court of jurisdiction. See Franklin v. Hightower, 215 F.3d 1196 (11th Cir. 2000). Because the claimed indictment deficiency was not jurisdictional under

---

[*]Justo was sentenced to a two-year term of imprisonment on the 1988 theft conviction. That sentence was served fully long before he filed the instant habeas petition. We limit our review in this appeal to the issue raised in the COA; because we conclude that the habeas petition was dismissed properly, we do not reach the issue of whether Justo is "in custody" for purposes of seeking habeas relief on the 1988 conviction if that conviction was used to enhance to a life sentence the term imposed on a 1989 conviction for rape.

Alabama law, it was subject to Alabama's one-year limitation period and the one-year period mandated by section 2244(d)(1).

The district court granted a COA on this limited issue:

> Whether in 1988 the lack of a signature by the grand jury foreperson renders an Alabama state indictment so defective that the state court lacked jurisdiction to adjudicate a conviction, so that the petitioner today is actually innocent of the conviction for purposes of avoiding application of the time bar at 28 U.S.C. § 2244(d).

The gravamen of Justo's actual innocence claim is that the asserted jurisdictional error -- the absence of the grand jury foreperson's signature on the Alabama theft indictment -- rendered the indictment so defective that the state court was without jurisdiction to adjudicate him guilty notwithstanding his guilty plea. In the light of that claimed jurisdictional infirmity, Justo argues that application of AEDPA's time bar would amount to an unconstitutional violation of the Suspension Clause of the Constitution, Article I § 9, cl. 2.

We have never held that an "actual innocence" exception exists to AEDPA's one-year statute of limitations. But assuming arguendo that, in an appropriate case, such an exception might apply, see Arthur v. Allen, 452 F.3d 1234, 1244, modified on reh'g, 459 F.3d1234 (11th Cir. 2006) ("where the § 2244 (d)(1) limitation period has expired and the petitioner is claiming actual

innocence, we must first consider whether the petitioner can show actual innocence before we address whether an exception to the limitation period is required by the Suspension Clause"); Sibley v. Culliver, 377 F.3d 1196, 1205-06 (11th Cir. 2004) (because petitioner made insufficient showing of actual innocence, court declined to determine whether application of AEDPA limitations period would be unconstitutional under Suspension Clause when petitioner asserts claim of actual innocence), this case is no appropriate case: Justo fails to make a showing of actual innocence.

Justo supports his actual innocence claim with no "new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup v. Delo, 115 S.Ct. 851, 865 (1995). Instead, Justo rests his actual innocence claim exclusively on the indictment deficiency. As we have noted, this defect did not affect the court's subject-matter jurisdiction, see Franklin, 215 F.3d at 1199, and raises no reasonable doubt about Justo's commission of the theft offense to which he pleaded guilty. For purposes of the "actual innocence" exception to a procedural bar, the petitioner must show "factual innocence, not mere legal insufficiency." Bousley v. United States, 118 S.Ct. 1604, 1611(1998).

Justo fails to show actual innocence to the offense to which he pleaded guilty. No error has been shown in the dismissal of Justo's habeas petition as time-barred.

AFFIRMED.