[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 13, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15410
Non-Argument Calendar

_____

D. C. Docket No. 06-00630-CV-BBM-1

BRUCE GLASS,

Petitioner-Appellant,

versus

ROSE WILLIAMS,
in her official capacity as
Warden of Scott State Prison,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 13, 2009)

Before DUBINA, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner/Appellant Bruce Glass, a state prisoner convicted of rape and aggravated sexual battery, appeals through counsel the denial of his 28 U.S.C. § 2254 federal habeas petition as to his claim that the state violated his constitutional rights when the state presented testimony at trial that Glass had requested counsel when an officer served him with a warrant to collect DNA evidence. The district court denied Glass's petition based on its finding that his claim was procedurally defaulted and that his claim of ineffective assistance of counsel did not establish cause and prejudice to overcome the default. The district court granted a certificate of appealability as to this issue.

On appeal, Glass argues that he satisfied the cause-and-prejudice test to overcome the procedural default because he received ineffective assistance of counsel when his counsel failed to raise his claim on appeal. Specifically, he argues that he was prejudiced by his counsel's performance because the state's introduction of the testimony that he requested an attorney negatively impacted his character and credibility, the sole basis of his defense.

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error." *Porter v. Attorney General*, 552 F.3d 1260, 1267 (11th Cir. 2008) (quotation omitted).

2

Under the doctrine of procedural default, "[f]ederal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule." *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006). "A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default." *Jones v. Campbell*, 436 F.3d 1285, 1304 (11th Cir. 2006).

"Cause exists if there was some objective factor external to the defense that impeded counsel's efforts to comply with the State's procedural rule." *Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008) (quotation and alteration omitted), *petition for cert. filed*, (U.S. Jan. 23, 2009) (No. 08-8359). To establish prejudice, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170, 102 S. Ct. 1584, 1596, (1982) (§ 2255 case); *see also Murray v. Carrier*, 477 U.S. 478, 494, 106 S. Ct. 2639, 2648, (1986) (describing the *Frady* standard by stating, "[s]uch a showing of pervasive actual prejudice can hardly be thought to constitute anything other than a showing that the prisoner was denied 'fundamental fairness' at trial.").

3

"A petitioner can establish cause by showing that a procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington*." *Payne v. Allen*, 539 F.3d 1297, 1314 (11th Cir.) (quotation omitted), *petition for cert. filed*, (U.S. Dec. 15, 2008) (No. 08-8823). In *Strickland*, the Supreme Court set out a two-part inquiry for ineffective-assistance-of-counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). To obtain relief under *Strickland*, a petitioner must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him. *See id.* A habeas petitioner must satisfy both prongs of the *Strickland* test. *Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004).

In *Doyle v. Ohio*, the Supreme Court held that "use for impeachment purposes of petitioners' silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." 426 U.S. 610, 619, 96 S. Ct. 2240, 2245, (1976). In *Wainwright v. Greenfield*, 474 U.S. 284, 295, 106 S. Ct. 634, 640-41, (1986), "[t]he Court later extended this protection to post-*Miranda* invocations of the right to counsel." *Fugate v. Head*, 261 F.3d 1206, 1222 (11th Cir. 2001). "If the prosecution violated the *Greenfield* standard, then we must determine whether that error had substantial and injurious

effect or influence in determining the jury's verdict." *Id.* at 1222-23 (quotation omitted). This is the harmless-error standard applicable to *Doyle* and *Greenfield* violations. *See id.*; *Hill v. Turpin*, 135 F.3d 1411, 1416-17 (11th Cir. 1998) (applying this "harmless error standard" in the context of a *Doyle* violation).

Because we conclude from the record that the evidence of Glass's guilt was overwhelming, any error the state made at trial in eliciting that he had invoked his right to counsel was harmless. Therefore, Glass failed to establish prejudice under the cause-and-prejudice test for us to review his procedurally defaulted claim. Accordingly, we affirm the district court's judgment denying habeas relief.

**AFFIRMED.**